W. B. STEVENS, Appellee, v. BRADLEY & SON, Appellants.

1. **Auctions:** WARRANTY: FALSE REPRESENTATIONS: LIABILITY. The public proclamation to the bidders present at a public sale of hogs, that the hogs "are as thrifty and healthy a lot of hogs as the owner had ever owned in his life, and that he had been in the hog business a good many years," amounts to a warranty of soundness, and is a representation of the fact of their health and soundness as well, which, if false, will constitute ground for an action for fraud and deceit.

2. ——: ——: ——: DAMAGES.   In an action to recover on account of the breach of a warranty of the soundness of hogs purchased at public auction, and for false representations as to their health and soundness, made at the time of the sale by the owner, the latter knowing them to be diseased with cholera, the plaintiff is entitled to recover, not only for the loss of the hogs, and for care and attention to them, but also for the loss of other hogs to which the disease was communicated by those purchased.

*Appeal from Appanoose District Court.*—HON. E. L. BURTON, Judge.

TUESDAY, OCTOBER 10, 1893.

ACTION at law to recover damages for breach of warranty, and for fraud and deceit, in the sale of hogs by the defendants to the plaintiff. There was a trial by jury, resulting in a verdict and judgment for the plaintiff. The defendants appeal.—*Affirmed.*

*T. M. Fee,* for appellants.

*Tannehill, Vermillion & Vermillion,* for appellee.

ROTHROCK, J.—On the twentieth day of October, 1889, the defendants sold some three hundred and twenty hogs at public sale. The plaintiff bid off and purchased twenty-seven of said hogs, for which he gave his promissory note for one hundred and fourteen dollars. He claims that at the time of the sale said hogs were sick and infected with a contagious disease known as "hog cholera," by reason of which disease twenty-five of them died, and the other two became of no value.

This action was brought on the twenty-sixth day of July, 1890, and the petition is in two counts. In the first count it is claimed that the defendants warranted said hogs to be sound and healthy and free from disease, and recovery is demanded because of an alleged breach of said warranty. In another count it is claimed

that the defendants at the time of the sale represented to the plaintiff and others that said hogs were sound and healthy and free from disease, and that said representations were false and fraudulent, because said hogs were not sound and healthy, but were then infected with hog cholera, and that at the time said representations were made the defendants knew that the same were false, and that the plaintiff relied thereon, and was induced thereby to purchase twenty-seven of said hogs to his damage. In short, the petition is an action for damages for breach of warranty, and for fraud and deceit in the sale of the hogs. The answer was a denial of every allegation of the petition, except the averment that the plaintiff purchased twenty-seven hogs of the defendants. The trial was commenced on the twenty-sixth day of September, 1890, and was continued from day to day until October 3, when the jury returned a verdict for the plaintiff for four hundred dollars.

The public sale appears to have been largely attended, and the lot of hogs was known to many persons before the sale. A large number of witnesses were examined by the respective parties, and experts and nonexperts on the disease known as "hog cholera" were examined at great length. Some thirty-five witnesses were examined by the plaintiff, and as many by the defendants. We have examined all of this evidence with care, because it is claimed with great confidence that the verdict of the jury was clearly contrary to the evidence on the trial of the whole case. From the statement above made as to the great number of witnesses examined on the trial, it is apparent that we can not, in the space properly allowable for the opinion, review the evidence in detail. There are some facts about which there is no real conflict. One of the most important of these is that, within a very short time after the sale, the disease known as "hog cholera" attacked not only the hogs purchased by the plaintiff, but the

separate lots of nearly every other purchaser at the
sale.   There is no doubt in our minds that the jury
were fully warranted in finding that the disease was in
the lot of hogs when the sale was made.   And here we
may say that the court correctly instructed the jury
that if the "said hogs had the seeds or germs of said
disease in their systems at the time of the sale, and the
disease afterwards developed itself, then you [the jury]
would be justified in finding that said hogs were dis-
eased animals at the time of the sale.".   It is manifest
that they were not sound if they had the germs of
disease awaiting development.

Another fact, not the subject of serious cavil or
dispute, is that, immediately prior to the sale, one of the
defendants made a public proclamation to the bidders
present, that the hogs were as thrifty and healthy a lot
of hogs as he had ever owned in his life, and he had
been in the hog business a good many years.   This
was a material representation of a fact, and, if false,
and known to be false by the defendants, would
authorize a verdict for fraud and deceit; and it was a
distinct affirmation of health and soundness, which
would authorize a finding that there was a warranty of
soundness.

The only doubt we have on any question in the
case is whether the defendants knew that the hogs
were unsound, or, rather, whether there was sufficient
evidence to authorize a verdict for the alleged false
representations.   The evidence on that subject is very
voluminous.   It involves not only the condition of the
animals at the very time of the sale, but the condition
of the whole lot, and the casualties therein by death for
a considerable period prior to the sale.   Our conclusion
is that we can not disturb the verdict on the ground
that there was not sufficient evidence of fraud.

II. As we have said, the jury returned a verdict
for the plaintiff for four hundred dollars.   If the verdict

was based on the breach of warranty, it would be a
2. —: —: —: grave question whether the evidence
damages. would sustain a verdict in that amount.
The court instructed the jury very fully on the alleged
breach of warranty and the fraud. These instructions
covered every feature of the case, and are not open to
any real objection. The law on these subjects is so
well settled that it would be unprofitable to repeat it
here. Serious objection is made to that part of the
instructions based upon the alleged warranty. It is
enough to say of this line of objections that the jury
found that the defendants were liable not only for a
breach of warranty, but for the alleged fraud.

In addition to the general verdict, the jury
answered special interrogatories submitted to them by
the court. Three of these interrogatories, with the
answers thereto, were as follows: "Do you find the
defendants warranted the hogs sold to the plaintiff to
be sound and healthy? Answer. Yes." "Do you
find that the hogs sold plaintiff were diseased by
cholera at the time of the sale? Answer. Yes." "Do
you find that the hogs were diseased with cholera at the
time defendants sold them to the plaintiff, and that
the defendants knew that they were so diseased?
Answer. Yes."

It will thus be seen that the jury found that the
defendants were liable for the fraud charged in the
petition. Having so found, it is entirely immaterial
whether the words used by one of the defendants at
the time of the sale amounted to a warranty of sound-
ness, or were mere expressions of opinions or com-
mendation. That it was the assertion of a fact which,
if false, and known to be false, and induced the sale,
and amounted to fraud and deceit, has been the law of
this country ever since the time that litigation was so
prevalent in pioneer days, when many of the most
important cases were based upon fraud and breach of
warranty in the exchange and sale of property.

The court instructed the jury that if the sale was made by reason of false representations, the plaintiff was entitled to recover not only for the loss of the hogs purchased, and for care and attention to them, but also for the loss of other hogs to which the disease was communicated by those purchased.   We do not understand that this rule as to the measure of damages is questioned, and the jury followed the rule; for, as we read the evidence, the damage must have been estimated on that basis.

There are a multitude of other objections presented by counsel, which we do not regard as well taken.   As we read the record and arguments of counsel, the foregoing considerations dispose of every material question in the case.   The judgment of the district court is AFFIRMED.