OWEN S. MITCHELL and C. D. MITCHELL, Appellees, v. ED-
WIN PINCKNEY, otherwise known as OLE PINCKNEY,
and OWEN S. MITCHELL and C. D. MITCHELL, Ap-
pellees, v. JAMES PINCKNEY, Appellant.

**Sales:** BREACH OF WARRANTY: RIGHT OF ACTION. A warranty need
1   not be the sole inducement to purchase, but if operative in
causing the sale, a right of action will lie for its breach.

**Reliance upon warranty:** EVIDENCE. Reliance upon a warranty as
2   an inducement to a sale need not be shown by the positive
testimony of the buyer, it is sufficient if such is fairly inferable
from the circumstances.

**Failure to submit an issue:** A defendant cannot complain of the
3   court's failure to submit an issue, which omission could only
be prejudicial to the plaintiff.

**Breach of warranty:** INSTRUCTION. In an action for breach of war-
4   ranty as to soundness of cattle, an instruction that the war-
ranty was broken if the cattle were affected with germs of
disease at the time of sale which afterwards developed, whether
such fact was known to the vendor or not, was correct.

**Damages:** INSTRUCTION. An instruction that plaintiff was entitled
5   to reasonable compensation for damage caused his other cat-
tle, the direct and natural result of disease communicated by
the cattle purchased from defendant, if such disease was com-
municated, was correct.

**Instructions:** WARRANTY. Instructions must be construed to-
6   gether; and when so construed if they fairly present the law
they will not be condemned although one standing alone may
be incomplete.

**Appeal:** FAILURE TO REQUEST INSTRUCTIONS. Where the trial court
7   is not offered an opportunity to pass upon the question of a co-
defendant's liability for a breach of warranty, it will not be
considered upon appeal.

*Appeals from Winneshiek District Court.*— HON. C. H.
KELLY, Judge.

TUESDAY, JULY 11, 1905.

THESE appeals are submitted on the same abstracts and arguments, and will be disposed of in one opinion. They are each actions at law to recover damages for false representations, and breach of warranty in the sale of some cows, and for selling to plaintiffs animals which were diseased. Defendant Edwin Pinckney denied any connection with the alleged sale. He further pleaded that the defendant James Pinckney sold the cows to plaintiffs, and that he (Edwin) had no connection therewith. Defendant James Pinckney admitted the sale of the animals to plaintiffs, but denied all other allegations of the petition. He also pleaded a counterclaim against plaintiffs for the rental of certain real estate, for various articles of personal property, and for damages arising from breach of covenant of lease, and for certain other matters not necessary to be here mentioned. A reply was filed to this counterclaim, and on the issues thus joined the case was tried to a jury, resulting in a verdict and judgment for plaintiffs against both defendants, and they each appeal. — *Affirmed.*

*George D. Peters* and *Oliver Gordon,* for appellants.

*A. C. Ripley, S. A. Warner,* and *Andrew Miller,* for appellees.

DEEMER, J.— Save one, the questions raised are common to each appeal. That one we shall consider in a separate branch of this opinion.

In May and June of the year 1902, plaintiffs purchased of one or both of the defendants twenty-one head of cows. The negotiations were conducted with the defendant James Pinckney; his son, the defendant Edwin, being at that time in Europe. It is claimed, however, that Edwin was a joint owner of the property, and is liable with his father, James. This presents one of the principal issues of fact in the appeal of Edwin Pinckney. Plaintiffs claim that James Pinckney

orally represented and warranted that the animals " were sound and all right in every particular, and that they were sound and with calf," whereas in truth they were not sound, but were afflicted with a disease known as " contagious abortion," and that they were not with calf; that plaintiffs relied upon these statements and warranties, and believed them to be true, and that defendants knew them to be false at the time they made them; that many of the cows died; that few, if any, were with calf; and that they communicated the disease to other cattle owned by plaintiffs, causing them great damage. The denial interposed by the defendants put all these matters in issue. The jury was justified in finding, as it no doubt did, that defendant James Pinckney, as an inducement to the sale of the cattle represented, and stated to plaintiffs, or one of them, that " they are all good, young, straight cows, sound and all right." It was also justified in finding that at the time of the sale they were not sound, but were diseased with what is known to veterinary surgeons as " contagious abortion."

The trial court submitted the case to the jury solely upon the issue of warranty or no warranty, leaving out the question of false representations in the sale of the property. Of this defendants may not justly complain, for, if any mistake was made, it was to plaintiffs' prejudice.

3. Failure to submit an issue.

But it is said that there is no evidence that plaintiffs relied upon the warranty or representations, or that they induced the sale. The court instructed, in effect, that the warranty need not be the sole inducement to the purchase, but that it must have been operative in causing the sale. This, of course, is the law. *Rose v. Meeks,* 91 Iowa, 715; *Tewkesbury v. Bennett,* 31 Iowa, 85; *Powell v. Chittick,* 89 Iowa, 513.

1. Sales: breach of warranty; right of action.

But it is not necessary that proof of reliance thereon be by the positive testimony of the buyer. It is sufficient if, considering all the circumstances, such fact fairly appears.

*Case Co.* v. *McKinnon,* 82 Minn. 75 (84 N. W. 646);
*Ormsby* v. *Budd,* 72 Iowa, 80. Indeed, we have held that

2. RELIANCE UP-
ON WARRANTY:
evidence.

where the warranty is a part of the contract of sale, and a part of the consideration of the purchase price, the purchaser need not show by direct evidence that he relied upon it, as the law will presume that he did. *Norris* v. *Kipp,* 74 Iowa, 444. Further, it is said there is no evidence that the cows had contagious abortion when sold to the plaintiffs, and no evidence that there is such a disease. There was a conflict in the testimony on both propositions, which the jury was required to settle, and with its conclusion we are not disposed to interfere.

II. Among other things, the instructions are challenged. The sixth, eighth, and ninth are the ones of which complaint is made. We might very well refuse to consider

4. BREACH OF
WARRANTY: in-
struction.

any of them, because they were not excepted to in a proper manner. But for the purposes of the case, we shall treat them as if proper exception had been taken. The sixth refers to the warranty, and says that it would be broken if any of the cattle were infected with the germs or microbes of a disease which afterward developed, whether that fact was known to defendant James Pinckney or not. This was correct. *Stevens* v. *Bradley,* 89 Iowa, 174. But it is said that the instruction did not confine the warranty to the exact breach alleged. This part of the instruction was not dealing with that question, but with the effect of Pinckney's knowledge, or the want of it. The instruction closes with this thought: That, unless some of the cows were infected with contagious abortion at the time of the sale, there was no breach of warranty. This covers the exact point made by appellants, and the instruction, as a whole, is clear and consistent.

In the eighth instruction the jury was told that, if there was a warranty of any or all of the cattle, and the warranty was substantially as claimed in the petition, and the war-

ranty had been broken, then defendant James Pinckney would be liable to plaintiffs for the damages caused by such breach. The contention here is that the jury was not limited to the particular breach relied upon.

6. INSTRUCTIONS: warranty.

This complaint is hypercritical. There was no claim anywhere either in pleadings or proof that there was any breach, save that the animals had contagious abortion. True, this instruction does not limit the jury to the particular breach alleged; but it is so well known as not to require the citation of authorities that the instructions must be taken together, and if, when so taken, they fairly present the law, they will not be condemned because one, taken alone, may not be complete in itself. The eighth instruction had reference to the joint and several liability of the defendants, and was not intended to be a full exposition of the law applicable to warranties. In the sixth the jury was told that, if the cows were not afflicted with contagious abortion at the time of the sale, there was no breach of warranty. Taken in connection with the eighth, there was no error

In the ninth, which related to the measure of damages, the jury was told, in substance, that plaintiffs were entitled to fair and reasonable compensation for the loss which they sustained to their other cattle as the direct and natural consequence of the diseased condition of the cattle purchased of the defendants, provided the jury found that such disease was in fact communicated to such other cows. This instruction, while not, perhaps, as explicit as it might have been, surely presents the law. *Joy v. Bitzer,* 77 Iowa, 73; *Stevens v. Bradley, supra.* If defendants desired a more explicit one, they should have asked it. As they did not do so, they are in no position to complain.

5. DAMAGES: instruction.

III. The chief point relied upon by Edwin Pinckney is that there is no evidence that he owned any part of the cattle, or was in any manner concerned in the sale. True, he had no part in the sale, as it was conducted wholly by his father; he at the time being in Europe. But there was evi-

dence from which the jury may have found from his admis-
sions alone that he was interested in the stock.
Moreover, this question was not raised in the
trial court by motion to direct, request for
instructions, or by motion for a new trial addressed to the
particular point. The instruction relating to this matter, as
given by the trial court, was correct, as an abstract proposi-
tion of law, and is not challenged. As the trial court was
not called upon to pass upon this question, we may not con-
sider it.

*7. Appeal: failure to request instructions.*

IV. Alleged misconduct of a juror is relied upon as
a basis for a new trial. The trial court was justified in find-
ing from the testimony taken before it, which was conflicting
in character, that no such misconduct occurred. We do not
ordinarily interfere in such matters, for the trial court has
peculiar advantages which we do not possess.

V. Lastly it is said that the damages are excessive.
Here, again, there was a decided conflict in the testimony;
and it was for the jury, under the supervision of the trial
court, to find the fact. No such passion or prejudice is
indicated as will justify our interference.

There is no error in the record, and the judgment as
to each defendant is *affirmed.*