ANDREW LARSON v. R. A. CALDER.

Opinion filed Sept. 4, 1907.

**Sale of Horses — Warranty — Question for Jury.**

1. Respondent purchased two horses of appellant, who represented a discharge from their nostrils as being caused by a cold caught in swimming the Missouri, and stated that they were sound, and would be all right in a day or two, in answer to respondent's inquiry as to the cause of the discharge. *Held,* that if there was doubt as to this representation being a warranty, it was a proper question for submission to the jury.

**Same — Breach of Warranty — Glanders.**

2. Conviction, under section 9077, Rev. Codes 1905, is not a necessary prerequisite to the maintenance of an action for damages for breach of warranty of horses against the disease known as "glanders."

**Trial —Where Both Parties Move for Directed Verdict, Submission to Jury is Waived.**

3. Both parties made motions for a directed verdict after all the evidence was submitted. The court overruled one motion and granted the other. The parties by such motions waive their right to submit questions of fact to the jury, and submit all such questions to the court for its decision, and neither party can complain on motion for new trial or appeal that the question of warranty was not submitted to the jury.

**Same — Review.**

4. In such cases the action of the trial court will be sustained, unless there is an absence of any facts in the evidence on which to base it.

**Breach of Warranty — Measure of Damages — Care of Infected Animal by Purchaser.**

5. In addition to the excess of the value which the property sold would have had at the time to which the warranty referred, if it had been complied with, over its actual value at that time, the plaintiff may recover for a breach of warranty on the sale of horses warranted against an infectious disease, cost of medicine, feed, and attendance, between the time of sale and the date when the state veterinarian killed such animals because of such infection.

**Same — Knowledge of Vendor.**

6. It is not necessary to allege or prove in an action for a breach of warranty against an infectious disease that the vendor had knowledge of the infection at the time of the sale.

Action by Andrew Larson against Ira Calder. Judgment for plaintiff, and defendant appeals.

Affirmed.

*Burke & Middaugh,* for appellant.

Defendant should have been convicted criminally under the statute before recovery could be had in a civil action. Rev. Codes 1905, section 9077. Newell v. Clapp, 72 N. W. 366.

In the absence of a warranty defendant's knowledge of the existence of the disease should be alleged and proved. Bradford v. Floyd, 80 Mo. 207; Coyle v. Conway, 35 Mo. 490; Pattee v. Adams, 37 Kan. 133; St. Louis R. R. Co. v. Goldsby, 58 Ark. 101.

Affirmation made at the time of the sale of an article, as to its quality or condition, will be treated as a warranty if so intended, and the purchaser bought on the faith of it; the intention and the effect on the purchaser are questions for the jury. 1 Smith, Lead-Cas. Hare & Wallace's Notes, 229 (7th Ed.) 300, 337; Benj. on Sales, 499; 1 Parsons, Cont. 459; Hughes v. Funston, 24 Iowa, 287; McGrew v. Forysthe, 31 Iowa, 179; McDonald Mfg. Co. v. Thomas, 5 N. W. 737; Tewkesbury v. Bennett, 31 Iowa, 83; Bowen v. Shippen, 30 L. Ed. (U. S.) 1172; Osgood v. Lewis, 2 Harr. & G. 495; Oneida, etc., Soc. v. Lawrence, 4 Cow. 440; Cook v. Mosely, 13 Wend. 278; Chapman v. Murch, 19 Johns. 290; Hawkins v. Berry, 5 Gil. 36; McGregor v. Penn, 9 Yerg. 76; Otto v. Alderson, 10 Smedes & M. 476; 5 Wait. Act. & Def. 555; Horton v. Green, 66 N. C. 596; Polhemus v. Heimar, 45 Cal. 573; Bank of Spearfish v. Graham, 91 N. W. 340; Humphreys v. Comline, 8 Blackf. 516; McFarland v. Newman, 9 Watts, 55; Foster v. Caldwell's Estate, 18 Vt. 176; Bond v. Clark, 35 Vt. 577; Bradford v. Bush, 10 Ala. 386; Thorne v. McVeagh, 75 Ill. 81; Dake Engine Mfg. Co. v. Hurley, 57 N. W. 1044; Scott v. Raymond, 18 N. W. 274; Halliday v. Briggs, 18 N. W. 55; Titus v. Poole, 40 N. E. 228; Smith v. Justice, 13 Wis. 600; Congar v. Chamberlain, 14 Wis. 258; Boothby v. Scales, 27 Wis. 626.

*Anderson & Traynor,* for respondent.

This action does not depend upon a previous conviction in a criminal proceeding. Conrad v. Crowdson, 75 Ill. 246, 2 Cyc. p. 336.

Plaintiff is entitled to recompense for feed, care and treatment of diseased horses. 1 Suth. on Dam. 148; Long v. Clapp, 19 N. W. 467.

By motion for directed verdict errors as to admission of evidence are waived. Battis v. McCord, 30 N. W. 11.

Where a warranty is given, knowledge on the part of the warrantor of a defect constituting a breach is unnecessary. Joy v. Bitzer, 41 N. W. 575; Stevens v. Bradley, 56 N. W. 428; Murphy v. McGraw, 41 N. W. 917, 30 Am. & Eng. Enc. Law, 1318 (Note 5.)

After motion for a directed verdict is overruuled, the mover must specifically request the submission of questions of fact that he desires the jury to determine. Stanford v. McGill, 6 N. D. 536, 72 N. W. 938; Mayer v. Dean, 22 N. E. 261; Sutter v. Vanderveer, 25 N. E. 907; Provost v. McEncroe, 5 N. E. 795; Battis v. McCord, supra; 6 Enc. Pl. & Pr. 693, 702, 703; 2 Thompson on Trials, 272; Winchell v. Hicks, 18 N. Y. 558; Colligan v. Scott, 58 N. Y. 670; Merwin v. Magone, 17 C. C. A. 361, 70 Fed. 776; Beutell v. Magone, 157 U. S. 154, 15 Sup. Ct. 566; Chrystie v. Foster, 9 C. C. A. 606, 61 Fed. 551.

Damages for caring' for infected animals are recoverable. 3 Suth. on Damages, 671, 675; Love v. Ross, 56 N. W. 528; Joy v. Bitzer, supra; Long v. Clapp, supra; Murphy v. McGraw, 41 N. W. 917; McCann v. Ullman, 85 N. W. 493; Short v. Matteson, 47 N. W. 874.

All material representations as to the character and condition of an animál, made by the seller in the course of the sale, are warranties, unless it affirmatively appears that they were not so intended nor so understood. 30 Am. & Eng. Enc. Law, 155; Murphy v. McGraw, 41 N. W. 917; Stevens v. Bradley, 56 N. W. 428.

SPALDING, J. This is an action for damages for breach of warranty of soundness on the sale of two horses by the defendant to the plaintiff. The complaint charges that the defendant agreed and warranted to the plaintiff that the horses were in every way sound and in good health, and thereby induced the plaintiff to purchase the same and to pay the price of $240 therefor; whereas at the time of the sale and warranty such horses were not sound, and not in good health, but were suffering from glanders, and as a result were shot by the state veterinarian. The plaintiff asked judgment for the price paid for the horses and

for $6 paid for medicine in treating them, and for $80 for feed and services in caring for them. The defendant denied the warranty, and also denied that the horses were unsound or unhealthy or suffering from glanders, and the expenditure of the amount claimed for feed, medicine and services. On the trial of the case it was shown without evidence to the contrary that the respondent purchased the team for $240 on the 2d day of July, 1902, and that at the time of purchase he noticed that they were running at the nose, and made inquiry of the appellant as to the cause, and was told by him that he had recently brought them from Montana, and in so doing had swum them across the Missouri river, when they took cold, and that they were sound, and would be all right in a day or two. Respondent testified that he believed this statement of appellant, and took the horses home. About fifteen days after he bought them, he drove them to Devils Lake, and Dr. Crewe, the state veterinarian, noticing the condition of the horses while in Devils Lake, told the respondent who he was, and made an examination, and ordered him to keep the horses separate from other horses, which he did, and thereafter followed the instruction of Dr. Crewe. The veterinarian went to see the team on the 21st day of July, when they appeared better, but he decided to treat them until satisfied they were free from glanders, and continued the quarantine. He saw them from time to time thereafter, and found them still suffering, but did not make a final test for glanders until about May 13, 1903, when it was demonstrated that they were affected with glanders, and he afterward killed them. He also testified that in his opinion they were affected with glanders when bought on the 2d day of July, 1902, and that the period of infection from the time that horses are inoculated with glanders until they will show a discharge from the nose and before clinical symptoms are developed is from thirty days upwards; thirty days being the usual minimum. He would have condemned them in July, 1902, if he had been absolutely sure that they had the glanders, but the next time he saw them he thought they were better. A horse will get better at times when suffering with glanders. The plaintiff was allowed to prove, over objection, the value of the feed for the horses and services in caring for them between the time they were quarantined and the time they were killed, and such proof disclosed this value at some $50 more than was demanded in the com-

plaint or than judgment was entered for. The evidence submitted by the plaintiff was not contradicted. The defendant sought to show that he had not been arrested for bringing glandered horses into the state. The court sustained the objections of the plaintiff to evidence on this subject. After both parties rested the defendant moved the court to instruct the jury to find a verdict for him, on the ground and for the reason that the evidence on the part of the plaintiff showed no warranty of the horses, and because there was no proof that, if the horses did have an infectious disease at the time of the sale, the defendant knew that they were so infected, and for the further reason that the plaintiff claimed the right to recover on the theory that the horses were glandered when there was no evidence in the case that the defendant was ever arrested and convicted of selling horses infected with the disease commonly known as "glanders." The court overruled the motion, and defendant excepted, whereupon the plaintiff moved the court to instruct the jury to return a verdict in his favor for the amount asked for in the complaint. This motion was granted, and an exception allowed. Under the instruction of the court, the jury returned a verdict in favor of the plaintiff and against the defendant for $326, with interest at 7 per cent since July 3, 1902. A motion for a new trial was submitted and denied, and judgment entered upon the verdict, and this appeal perfected.

The appellant's first contention is that his motion for a directed verdict should have been granted because plaintiff's right to recover was based on a criminal statute, and he could not recover without showing that the defendant had been convicted of the criminal offense of selling animals affected with a contagious or infectious disease. He cites Newell v. Clapp, 97 Wis. 104, 72 N. W. 366, as authority. The statute of Wisconsin on which the decision in that case was predicated differs materially from ours. The Wisconsin law provides that any person convicted of any of the above acts or omissions shall be fined, and be liable to all persons injured, for damages by them sustained. Section 9077, Rev. Codes N. D. 1905, provides that every person violating any of the provisions of this chapter (making it a misdemeanor to sell, etc., any horse, mule or ass, knowing, or having reason to believe, it to be infected with glanders) shall be liable to any one in a civil action injured by such violation for all damages directly or indirectly occasioned thereby. It will be seen that the fact of

conviction is, under the Wisconsin statute, a condition precedent to the right to recover for its violation, while under the statute of this state no such condition is expressed and none can be implied. But this difference is immaterial, as plaintiff did not ground his right to damages on this statute, and his complaint ·is not framed on the theory of its having ·been violated by the defendant. The action is clearly for breach of warranty, as will be seen from the quotations from the complaint in the first part of the opinion. The pleading made two issues on that point— the fact of the warranty and the fact of the unsoundness.

The questions presented are: (1) Was the statement that the horses were only suffering from a cold caught in swimming the Missouri, and that they were sound, and would be all right in a day or two, a warranty? (2) If a warranty is involved, should the question as to the statement amounting to a warranty have been submitted to the jury, notwithstanding both parties had asked for a directed verdict? (3) If the statement was a warranty, was it necessary to allege in the complaint that defendant knew the animals had the glanders? (4) If the horses were warranted against glanders, and were infected with the disease at the time of the sale, is plaintiff entitled to recover for their feed, medicine, and care between that date and the day when they were killed by the state veterinarian?

A number of cases are found holding that statements similar to the one made by appellant to respondent when these horses were sold are warranties as a matter of law. The distinction drawn between those which are and those which are not warranties depends upon whether the representation was affirmed as a fact as to material qualities, and was acted upon by the purchaser, or whether it was a mere expression of opinion. In the former case it is held to be a warranty, while in the latter the contrary is usually held. Henshaw v. Robins, 50 Mass. 83, 43 Am. Dec. 367; Bank of Spearfish v. Graham, 16 S. D. 49, 91 N. W. 340. Where, however, there is a doubt whether the language used was intended as a warranty or received by the purchaser as such, the question of warranty must be submitted to the jury. A use of the word "warrant" is not necessary, but any language constituting a representation equivalent to a warranty answers the same purpose, and has the same legal effect, although in some cases it may be in the form of an opinion. The interpretation of the language used, the intention of

the vendor, and the question as to whether the purchaser relied upon the statement, may be determined by their relation to all the proven circumstances of the case. 30 Am. & Eng. Enc. Law, pp. 136, 137, notes 1, 5; Id. p. 151; McGrew v. Forsythe, 31 Iowa, 179; McDonald Mfg. Co. v. Thomas, 53 Iowa, 558, 5 N. W. 757; Foster v. Estate of Caldwell, 18 Vt. 176; Bond et al. v. Clark, 35 Vt. 577; Boothby et al. v. Scales, 27 Wis. 626; Clark v. Rice, 127 Wis. 451, 106 N. W. 231. If the expression used by appellant on the sale of the horses to respondent did not constitute such a warranty as would have justified the court in taking that question from the jury, on the other hand, the court would not have been justified in directing a verdict for the defendant on the theory that it was not a warranty. If the meaning was doubtful, it was a question for the jury.

The next question is whether the court erred in directing a verdict after both parties had rested, and both appellant and respondent had made motions for a directed verdict. It is well established that in such cases both parties waive any right to a submission of the case to the jury, and that the findings of the court are thereby substituted for the verdict of the jury, that all questions which could properly have been submitted to the jury are thereby submitted to the court for its decision. Therefore it will be seen that appellant has no ground for complaint, because the question as to the statement on the sale being a warranty was not submitted to the jury. The court took the place of the jury, and was entitled to take into consideration all the facts and circumstances surrounding the sale precisely the same as it would have been the duty of the jury to do, and there is no evidence that the court did not do so. The court having acted upon the motions of both parties, and having directed a verdict for the respondent, appellant cannot now say that the court erred in its decision, unless there was an absence of any facts on which to base it. There is ample authority for its finding that the statement made was a warranty. Stanford v. McGill, 6 N. D. 536, 72 N. W. 938, 38 L. R. A. 760, and cases cited; 6 Enc. Pl. & Pr. 703.

The plaintiff set out in his complaint items of expenditure for medicine, care and feed for the horses between the time he purchased them and the day of their being killed by the veterinarian as special damages amounting to $86. It is urged that no allowance should be made for these expenditures as special damages.

Superficially, the measure of damages for a breach of warranty of the quality of personal propery sold, as stated in section 6575, Rev. Codes 1905, would seem to preclude the recovery of expenses for medicine, etc.; but, on careful examination of the cases analogous to the case at bar, we find it almost uniformly held that the purchaser is entitled to recover these expenditures. In this case the veterinarian was not certain when he first inspected the horses that they were affected with glanders, but he immediately took the necessary and proper precautions to prevent the spread of the disease in case they should· prove to be infected. He visited them from time to time, and watched the progress of the disease carefully until he became certain of the nature of their ailment, and then killed them. These were not the acts of the respondent, but were the acts of a state official whose duty is fixed by law. Had he killed them in the first instance, some one, either the plaintiff or the defendant, would have incurred a loss. By caring for them, the nature of the disease was determined, and, had it not proved to be glanders or anything covered by the warranty, the cost of care, feed and medicine would have fallen on the respondent. It was therefore, in the interest of the appellant and for his benefit, that they were cared for until the suspicion of the veterinarian ripened into a certainty. With the disease the horses were worthless, and liable to spread it among the other horses owned by respondent, as well as throughout the community, and the fact that the purchaser took such care of them was greatly to the advantage of the appellant, and we have concluded the respondent should recover these expenditures as special damages, in addition to the value of the horses. Sutherland on Damages (3d Ed.) sections 670, 671, 675; Cary v. Gruman, 4 Hill (N. Y.) 625, 40 Am. Dec. 304, cases cited in note; Long et al. v. Clapp et al., 15 Neb. 417, 19 N. W. 467; Perrine v. Serrell,· 30 N. J. Law, 454; Mitchell v. Pinckney, 127 Iowa, 696, 104 N. W. 286; Love v. Ross, 89 Iowa, 400, 56 N. W. 528; Joy v. Bitzer, 77 Iowa, 73, 41 N. W. 575, 3 L. R. A. 184; Murphy v. McGraw, 74 Mich. 318, 41 N. W. 917; Pinney v. Andrus, 41 Vt. 631.

The only remaining question relates to the failure· of the plaintiff to allege in his complaint or to prove that defendant knew the animals were infected with glanders. That such knowledge is not necessary to support an action for breach of warranty is elementary, and the cases are uniform in so holding. A gradual change

in the construction of statements and representations made on the sale of personal property seems to have taken place, and the courts are now much more liberal in their construction of such representations than formerly. The modern tendency seems more strongly in favor of the purchaser. This is peculiarly so on the sale of horses, where the courts seems to incline toward holding almost any representation made at the time of sale a warranty. When the language used will bear such a construction, it will be fairly inferred that the purchaser understood it as a warranty. 30 Am. & Eng. Enc. Law, p. 138, note 3; also pages 155, 156, notes 1, 4. We have not deemed it necessary to determine whether the representation made by the appellant was in law a warranty; but hold that there was evidence which justified the trial court acting as a trior of fact and taking into consideration all the circumstances in finding it a warranty in this case. Stevens v. Bradley, 89 Iowa, 174, 56 N. W. 429; Hawkins v. Pemberton, 51 N. Y. 198, 10 Am. Rep. 595; Hobart v. Young, 63 Vt. 363, 21 Atl. 612, 12 L. R. A. 693.

The judgment of the trial court is affirmed, with costs to respondent. All concur.