SALMONSON, Appellant, v. HORSWILL, Respondent.

(164 N. W. 973.)

(File No. 4191.  Opinion filed November 12, 1917.)

1. **Appeals—Error—Evidence, Rulings on Admissions of—Trial to Court—Assignment of Error When Non-prejudicial Under Findings.**

Where there were assignments of error in appellant's brief

involving rulings ·on admision of evidence, yet, in view of
findings of trial court, where trial was to court without jury,
such rulings are so clearly without prejudice that Supreme
Court will not determine whether any of them were technically
erroneous.

2.    Sales—Purchase of Mules, Suit for Price—Defense of Deceit re
        Age of Mules—Evidence of Vendor's Knowledge, Necessity
        of—Evidence of Age, As Affecting Vendee's Purchase.

Where, in a suit to recover purchase price of mules sold
·defendant, the defense being fraud and deceit practiced by ven-
dor upon defendant concerning the age and physical condition
of the mules, held, that trial court's findings for defendant as
to deceit concerning their age was unsustained by evidence;
there being none that vendor knew their age to be greater than
as represented; that an auction sale advertisement of the
mules representing them as three years old, posted years
·before, was not shown to have 'been brought to vendor's atten-
tion, that being the nearest approach to any evidence showing
any other knowledge by vendor that they were more than nine
years of age as represented by him, together with absence of
proof that the mules were of the age alleged by vendee, or that
she would have refused to purchase had she been advised that
they were ten rather than nine years old.

3.    Same—Deceit re Condition of Mules Sold—Defense of No War-
        ranty—Test of Mules as to Heaves, in Vendor's Presence—
        Latent Disease, Insufficient Test of, Effect.

Where, in a suit for purchase price of mules sold by plaintiff
to defendant, defendant's contention is that he refused to
warrant the mules or to express any opinion thereon but told
plaintiff she might try them to ascertain their condition, and
that they were so tried as to ·their wind and after such trial
she accepted them, held, that, it appearing that such trial
would not necessarily reveal, and did not in fact reveal the
heaves, all of which vendor was in as good position to know ·as
·was vendee, he being present at such test, therefore plaintiff
knew defendant purchased in ignorance of this latent disease.

4.    Same—Warranty—Defense of Deceit—Silence as Deceit—Rule.

Deceit concerning the quality or condition of personalty
sold, can consist in silence when honesty requires speech, as
much as in speech itself; and if a party conceals a fact material
to the transaction and peculiarly within his knowledge, know-
ing the other party acts upon presumption that no such fact
exists, it is as much a fraud as if existence of the fact were
expressly denied, or the reverse of it expressly stated; and
when, in case of sale of animals, the unsoundness is latent—
undiscoverable by exercise of ordinary diligence, mere silence

by vendor sufficiently establishes deceit, providing he knows of the unsoundness.

5.    Same—Rescission for Fraud—No Prayer for Vendee's Relief—
      Decree of Cancellation of Purchase Money Check, Modification
      of—Judgment of Dismissal—Jurisdiction, re Trial Court.

      In a suit for purchase money of mules sold by plaintiff to defendant, there being no prayer for equitable relief by vendee, trial court's decree of concellation of vendee's check given for purchase price, will be modified on appeal, so that judgment shall be for dismissal of complaint upon its merits; that while granting such relief by trial court did not prejudice appellant, yet that court should keep within its jurisdiction.

Appeal from the Municipal Court of Watertown, S. D. Hon. IRVIN H. MEYERS, Judge.

Action by Marcus Salmonson, against R. J. Horswill to recover the purchase price of a span of mules sold by plaintiff to defendant. From a judgment for defendant, and from an order denying a new trial, plaintiff appeals. Judgment modified, and as modified, affirmed.

*W. N. Skinner,* and *Eugene P. Campbell,* for Appellant.

*Sherin & Sherin,* for Respondent.

(4) To point four of the opinion, Appellant cited: Jones v. Stewart (Neb.) 87 N. W. 12.

Respondent cited: Civ. Code, Sec. 1201, 1292-3; Parker v. Ausland, 82 N. W. 402; Sockman v. Kein (N. D.) 124 N. W. 64; Brown v. Gray, 72 Am. Dec. 563; Thomas v. Murphy, (Minn.) 91 N. W. 1097; 20 Cyc. 63.

WHITING, J.   Respondent purchased a span of mules from appellant in May, 1916. Upon the day upon which respondent came into possession of the mules, being the day following such purchase, she returned them, and appellant has ever since retained their possession. Appellant brought this action to recover the agreed purchase price, and respondent defended upon the ground that she was led to make the purchase through fraud and deceit practiced upon her by appellant, and that upon discovering such fraud and deceit she rescinded the contract. Trial was had to the court without a jury. The trial court found in favor of respondent. From the judgment of such court, and from an order denying a new trial, this appeal was taken.

[1] There are numerous assignments of error. As to certain errors assigned, appellant's brief contains no proper record to

entitle the same to our consideration. There are numerous rulings on the admission of evidence that are assigned as error; but, in view of the findings of the trial court, and the fact that the trial was to a court, and not to a jury, these rulings are so clearly without prejudice to the appellant that we are not called upon to determine whether any of them may have been technically erroneous.

[2] Respondent relied upon certain alleged misrepresentations made to, and deceit practiced upon, her in relation to the age of the mules and their physical condition. The trial court found with the respondent as to both these matters. It seems clear to us that the finding of the trial court, so far as it related to the alleged misrepresentations in relation to the age of the mules, was unsustained by the evidence. There is no evidence that appellant knew the mules to be more than nine years of age, the age represented to the respondent. The nearest approach to any evidence showing any other knowledge was evidence that appellant bought the mules in December, 1908, at an auction sale, in connection with which sale the mules had been advertised as being three years old. There was, however, absolutely no evidence that such advertisement was in any way brought to the attention of appellant. Furthermore, there was no proof that the mules were yet eleven years of age at the time of their purchase by respondent, and there is no evidence whatsoever that respondent would have refused to make the purchase, provided she had been advised that these mules were ten years, rather than nine years, of age.

(3) There is left for our consideration only the alleged deceit in relation to the physical condition of the mules. It appears undisputed that at least one of these mules was, to the knowledge of appellant, afflicted with a disease known as the heaves, which disease the trial court found to be one injurious to the mule's wind, to be latent in its nature, and to diminish the value of the animal afflicted therewith. These findings of the trial court are fully sustained by the evidence; but appellant insists that these matters cannot be urged as a defense, for the reason that it conclusively appears he refused to warrant these mules, and that, when inquiry was made of him in relation to the physical condition of the mules; he not only refused to express any opinion thereon,

but told respondent that she might try the mules and ascertain their condition, and that as a matter of fact, respondent—or rather her husband, through whom this transaction was conducted—did exercise the mules with a view of determining whether their wind was all right, and after such trial accepted them. It appears, however, that such a trial as was given would not necessarily reveal the heaves, and it is quite clear that in this case it did not, all of which appellant was in as good a position to know as was respondent's representative; appellant being present at this trial. So it is clear that appellant knew respondent purchased these mules in ignorance of this latent discease. This court, in the case of Windedahl v. Harris, 37 S. D. 7, 156 N. W. 489, stated that:

"Deceit can consist in silence, when honesty requires speech, as much as in speech itself. Section 1201, C. C." See 12 R. C. L. 305-310.

[4] We agree with the Supreme Court of Minnesota that:

"If a party conceals a fact material to the transaction, and peculiarly within his own knowledge, knowing that the other party acts upon the presumption that no such fact exists, it is as much of a fraud as if the existence of such fact were expressly denied, or the reverse of it expressly stated." Thomas v. Murphy, 87 Minn. 358, 91 N. W. 1097.

The law applicable to this case is well stated in Sockman v. Keim, 19 N. D. 317, 124 N. W. 64:

"But, when there are no representations made by the vendor, a deceit may equally be practiced by his silence; but in such cases an important distinction must be observed, for whether a cause of action for deceit will arise from mere silence and a knowledge of the defects in the article sold will depend upon the fact whether the defect is patent or latent. In Brown v. Gray, 51 N. C. 103, 72 Am. Dec. 563, the distinction is thus stated: 'When the unsoundness is patent—that is, such as may be discovered by the exercise of ordinary diligence—mere silence on the part of the vendor is not sufficient to establish the deceit, although he knows of the unsoundness, because the thing speaks for itself, and it is the folly of the purchaser not to attend to it.' But 'when the unsoundness is latent—that is, such as cannot be discovered by the exercise of ordinary diligence—mere silence on

the part of the vendor is sufficient to establish the deceit,' provided he knows of the unsoundness. If the seller knows of a latent defect in the property, that could not be discovered by a man of ordinary observation, he is bound to disclose it. If the defect complained of in the case at bar was unknown to the plaintiff and of such a character that he would not have purchaser the mare, had he known of it, and was a latent defect such as would have ordinarily escaped the observation of men engaged in buying horses, and the defendants, knowing this, allowed the plaintiff to purchase without communicating the defect, they were guilty of fraudulent concealment, and must answer accordingly. As supporting these views, see Grigsby v. Stapleton, 94 Mo. 423, 7 S. W. 421; Lunn v. Shermer, 93 N. C. 164; Ross v. Mather, 51 N. Y. 108, 10 Am. Rep. 562; Beeman v. Buck, 3 Vt. 53, 21 Am. Dec. 571; West v. Emery, 17 Vt. 583, 44 Am. Dec. 356; Darling v. Stuart, 63 Vt. 570, 22 Atl. 634; Stevens v. Bradley, 89 Iowa, 174, 56 N. W. 429."

[5] Without any prayer for equitable relief in respondent's answer, the trial court—a municipal court—decreed the cancellation of the check. While the granting of such relief could in no manner prejudice appellant, yet the trial court should keep within its jurisdiction, and we direct the modification of the judgment, so that the judgment shall be for the dismissal of the complaint upon its merits, and for costs.

As so modified, the judgment, as well as the order appealed from, are affirmed, with costs for respondent.