[Civil No. 1755. Filed June 25, 1920.]

[190 Pac. 571.]

# HARRY A. GILMORE, Appellant, v. CLAUDE WINGATE, Appellee.

1. EVIDENCE—PAROL WARRANTY CANNOT BE GRAFTED ON WRITTEN CONTRACT OF SALE.—Where a contract of sale is written, a parol warranty cannot be added thereto.

2. EVIDENCE—WRITTEN CONTRACT HELD NOT TO PURPORT TO CONTAIN ALL TERMS SO AS TO EXCLUDE PAROL WARRANTY.—A written instrument enumerating hay, livestock and farm implements, and reciting that the seller had received a check for $200 and was to receive the balance on a fixed date, did not purport to be a complete legal obligation, and hence evidence of a parol warranty as to the livestock was admissible.

3. SALES—THOUGH SELLER WARRANTED CATTLE FREE FROM CONTAGIOUS DISEASE, BUYER CANNOT RECOVER FOR MERE EXPOSURE OF HIS OWN HERD TO INFECTION.—Where a seller of cattle warranted that they were free from contagious abortion, the buyer, who commingled the cattle with his own herd, cannot recover damages for the mere exposure of his animals to infection; it not appearing that he had sold any of the exposed animals, and the exposure not lessening their value for dairying, for which they were used.

4. APPEAL AND ERROR—INSTRUCTION ALLOWING IMPROPER MEASURE OF DAMAGES WILL BE PRESUMED PREJUDICIAL.—An instruction which enunciated an improper measure of damages, allowing a recovery to which plaintiff was not entitled, will be presumed prejudicial, for it must be supposed that the jury paid heed thereto.

APPEAL from a judgment of the Superior Court of the County of Maricopa. F. H. Lyman, Judge. Reversed and remanded.

Messrs. Townsend, Stockton & Drake, for Appellant.

Mr. P. H. Hayes and Mr. L. L. Pearson, for Appellee.

---

1. For authorities upon the admissibility of parol evidence to show warranty in sale where bill of sale contains no warranty, see notes in 19 Ann. Cas. 542; 5 Am. St. Rep. 197.

LOCKWOOD, Superior Judge.—This was an action by Claude Wingate against Harry A. Gilmore for the sum of $7,428 as damages for the alleged breach of an express warranty of the soundness of certain cattle sold by the defendant to plaintiff October 15, 1917. Plaintiff alleged that he bought a herd of dairy cows from defendant, under an express oral warranty that they were free from a disease known as contagious abortion; that said warranty was untrue, and by reason of the cattle being afflicted with such contagious abortion they were of inferior value of themselves, lost their calves, and by being mingled with other cattle of plaintiff exposed them to the disease, which exposure might have caused the latter to become infected also, and greatly reduced their value. Defendant answered, denying all the material allegations of the complaint. The case was tried to a jury, and a verdict returned in favor of plaintiff for the sum of $2,000 and judgment was entered thereon. Defendant, at the proper time during the trial, moved for a directed verdict, and for judgment *non obstante,* and for a new trial thereafter, which motions were severally denied by the trial court, and defendant now appeals from the denial of each and all of said motions and from the judgment.

Defendant makes 13 assignments of error, which fall naturally into four classes. Assignments 1 to 4, inclusive, attack the alleged warranty; 5 and 6, the sufficiency of the evidence to support the verdict; 7, 8, 12 and 13, the admission and rejection of certain evidence; and 9, 10 and 11, plaintiff's claim of damages for mere exposure of his original herd to contagion.

So far as the objection to the warranty is concerned, defendant is quite correct in his contention that an oral warranty cannot be added to a written contract of sale. *Germain Fruit Co.* v. *Armsby Co.,* 153 Cal.

585, 96 Pac. 319; *Thompson* v. *Libby*, 34 Minn. 374, 26 N. W. 2.

The instrument claimed to be a contract of sale in this action, Defendant's Exhibit 2, is as follows:

> "Hay
> 12 calves
> 70 cows
> 10 heifers
> 2 mowers
> 1 rake
> 1 derrick
> 1 separator can
> 1 bull

"Building feed rack bull pen to be left on place.

"I have received check for 200.00.

"Balance of 10,560 to be paid Oct. 15, 1917.

> "[Signed]  HARRY A. GILMORE.
> "CLAUDE WINGATE."

Without going into detail, this court is of the opinion that on its face it does not, as was said in *Germain Fruit Co.* v. *Armsby Co., supra,* "contain such language as imports a complete legal obligation" (*Frank* v. *Eltringham*, 65 Miss. 281, 3 South. 655; *Collins* v. *Keller*, 62 Or. 169, 124 Pac. 681; *Mossie* v. *Cyrus*, 61 Or. 17, 119 Pac. 485, 624; *Oglesby Gro. Co.* v. *Williams Mfg. Co.* 112 Ga. 359, 37 S. E. 372; *Grafton* v. *Cummings*, 99 U. S. 100, 25 L. Ed. 366 (see also, Rose's U. S. Notes), and is therefore no bar to the proof of a contemporaneous oral warranty, such as that relied on by plaintiff.

Assignments 10 and 11, however, present a more serious problem. Plaintiff in his complaint alleged among other things, as follows:

"That as a result thereof (commingling of cows) said disease might quickly spread and be communicated to all plaintiff's original sixty-one dairy cows; as a direct consequence of which plaintiff's said sixty-one head of cows were greatly reduced in value and were not worth, in their then probably infected and

diseased condition, to exceed $60 per head; that as a result and consequence plaintiff sustained damages to the said sixty-one head of cattle in the sum of $2,928.''

And the trial court gave the following instruction:

''If you find that the Gilmore cattle were infected with contagious abortion at the time of the sale to the plaintiff, and that the plaintiff, in ignorance of the fact that the Gilmore cattle were so infected, if you find that they were infected, commingled his herd with such diseased cattle, and you further find from the evidence that after the diseased condition of the Gilmore cattle became known to the plaintiff that it was not practicable for him to separate his original herd from the diseased cattle, and that by such commingling his herd were exposed to disease and thereby reduced in market value, the loss and damages to the plaintiff's original herd is measured by the difference in value of the cows immediately prior to the commingling and their value after becoming exposed to disease by such commingling.''

And it refused defendant's request for an instruction withdrawing from the jury the question of damages caused by a possible or probable infection of the cattle owned by plaintiff before the purchase of the diseased cattle. This raises squarely the question of whether damages may be recovered for a mere exposure to disease, where there is no evidence of actual infection.

So far as I can discover, while there are many cases reported where the question of breach of warranty of the soundness of livestock has been litigated, and the elements and measure of damages discussed, there is no case in the United States even suggesting that mere exposure to infection, without showing that the disease was communicated to livestock not embraced in the sale, gives a right of recovery for loss in value of the animals exposed. Damages are, of course, allowed for the original diseased stock (*Pinney* v. *Andrus,* 41

Vt. 631; *Bradley* v. *Rea,* 14 Allen (Mass.), 20; *Cary* v. *Gruman,* 4 Hill (N. Y.), 625, 40 Am. Dec. 299; *Stevens* v. *Bradley,* 89 Iowa, 174, 56 N. W. 429), for animals to which the disease is communicated (*Joy* v. *Bitzer,* 77 Iowa, 73, 3 L. R. A. 187, 41 N. W. 575; *Packard* v. *Slack,* 32 Vt. 10; *Marsh* v. *Webber,* 16 Minn. 418 (Gil. 375); *Mitchell* v. *Pinckney,* 127 Iowa, 696, 104 N. W. 287), for expenses of treatment and quarantine of exposed stock (*Larson* v. *Calder,* 16 N. D. 248, 113 N. W. 104; *Murphy* v. *McGraw,* 74 Mich. 318, 41 N. W. 919).

But in each case where damages were allowed for anything but the animals sold and those to which the disease was actually communicated, there was an allegation and proof of real, and not merely possible or speculative, damages. In this case it appears clearly that plaintiff was engaged in the dairy business, and both the purchased cattle and his own were to be used for that purpose. It is also unquestioned that the exposure of dairy cows to contagious abortion in no manner affects their actual value so far as use is concerned. The only conceivable way in which plaintiff could be injured, so far as the exposed cows are to be considered, is that possibly, if he desired to sell them, some buyer might not care to take them, except for beef purposes. Assuming, without admitting, that if plaintiff had attempted to make a sale of the exposed cattle, and had been forced to part with them below their market value, he might claim damages, yet not only was there no evidence on this point submitted to the jury, but anything relating to sales was carefully excluded.

Damages, in the absence of some special rule to the contrary, are supposed to be compensatory, and awarded for actual loss, and it would seem to be unjust, indeed, in this case to allow plaintiff to recover for a loss in the market value of cattle merely exposed to disease when, so far as the record shows, it was

never communicated, the cattle were never sold, and plaintiff never lost a cent, in truth, by reason of the exposure.

If error was committed in the giving of improper and refusal of proper instructions on this point, it necessarily follows that it was prejudicial. Under the case as submitted to the jury, they were told that loss and damage from exposure to disease was a material element to be considered by them, and on a general verdict it is only reasonable to suppose they did give it weight.

The other assignments of error deal with questions of evidence, and need not be discussed. It is presumed that, in view of the opinions expressed herein, if any error was so committed, it will be avoided in a subsequent trial.

This case should be reversed and remanded to the superior court of Maricopa county for a new trial.

CUNNINGHAM, C. J., and ROSS, J., concur.

BAKER, J., being disqualified and announcing his disqualification in open court, the remaining Judges, under section 3 of article 6 of the Constitution, called in Hon. ALFRED C. LOCKWOOD, Judge of the superior court of the state of Arizona, in and for the county of Cochise, to sit with them in the hearing of this case.