T. A. CAVANAUGH, Appellee, v. SPRING VALLEY STOCK FARM COMPANY, Appellant.

October 23, 1928.

*Shull, Stilwill, Shull & Wadden,* for appellant.

*James I. Dolliver* and *Hays, Baron & Mathews,* for appellee.

Evans, J.—At the time of the events involved in this action, the plaintiff was a farmer, residing in Webster County. The defendant was engaged in the business of buying and selling live stock upon the live-stock market of the Sioux City stockyards. The plaintiff became a purchaser from the defendant of 91 pigs, suitable for feeding purposes. His contention is that the defendant warranted them to be "healthy and all right." They were shipped from Sioux City on the afternoon of October 19th, and arrived on plaintiff's farm on October 20th. One pig was manifestly sick at the time of the unloading, and died the following day. On October 25th, two others died; and within the ensuing five or six weeks, 44 of the number died. At about the end of this period, other pigs previously owned and kept upon the premises by plaintiff developed signs of the same malady, and 41 of these died. The contention of plaintiff is that the loss of these latter pigs was the result of contagion from the others. The alleged warranty sued on consisted of the following conversation between the plaintiff and defendant's agent, who sold him the pigs:

"I, Cavanaugh, asked him if those pigs were healthy and all right, and he told me, 'Yes, sir, they are.'"

According to plaintiff's evidence, the pigs died from a disease known as necrotic enteritis. The claim is that it existed in an incipient form at the time of the purchase. There was a second count in plaintiff's petition, predicating recovery upon the ground of negligence, in that the defendant ought to have known that the pigs were diseased. No account, however, was taken of this count in the submission to the jury, and no further attention needs to be given to it.

The defendant denied that part of the conversation with the plaintiff upon which the claim of warranty is predicated; and denied that any warranty was intended by whatever conversation; admitted, however, a qualified warranty to the effect that the pigs had been vaccinated against cholera. The appeal is submitted here by appellant upon three specific grounds of reversal. The first and third grounds are closely related in their identity, and may be considered together.

I. The first point made by appellant is that, under the evidence, the pigs sold by the defendant could not have been affected at the time of the sale, and that the court should have directed a verdict accordingly. This is only another way of saying that the evidence was insufficient to go to the jury. Experts testified on both sides. It appears without dispute that the normal incubation period of this disease is from six to nine days. Sickness developed at once. There was sufficient evidence to warrant the jury in finding that the disease was present in the herd at the time of the purchase. The number of hogs thus affected at that time might have been many or few. If some of them had the disease, then all would be exposed to it. In that sense, the incipiency of the disease would affect all. We are satisfied from an examination of the evidence that it was sufficient to go to the jury on that question, under the authority of our previous cases: *Stevens v. Bradley & Son,* 89 Iowa 174; *Mitchell v. Pinckney,* 127 Iowa 696.

Nor will the defendant's third point of reversal avail it. The point made here is that, under the evidence, the purchaser knew that the seller had only recently bought the pigs, and that the purchaser had an equal knowledge with the seller as to their condition of health. This argument will not avail the appellant, under the issues made. If there was a warranty, the fact that the

purchaser had equal opportunity with the seller to form his own judgment could not be available against the purchaser. In this case, the seller was undoubtedly innocent and honest. This would not negative his liability to respond to an express warranty. In this connection, however, it is urged by the appellant that there was no intent on its part to give a warranty, and no intent on the part of the plaintiff to exact one, and that the court should have so instructed the jury. We cannot so understand the purport of the evidence. The representation, if made, was such an assertion, and was so related to the contract of sale, that it would constitute a warranty, if such was the mutual intention of the parties. Whether such assertion was intended as a warranty by the seller, and relied on as such by the purchaser, was a question of fact, to be determined by the jury. It was so submitted. The action of the court in so submitting it is well supported by our previous cases: *Powell v. Chittick,* 89 Iowa 513; *Stevens v. Bradley & Son,* 89 Iowa 174; *Mitchell v. Pinckney,* 127 Iowa 696.

II. The second ground of reversal is that the court erred in permitting the jury to award damages to the plaintiff for the loss of other pigs than those purchased by the plaintiff from the defendant. Several reasons are urged why such question should not have been submitted to the jury. But none of these questions were raised in the court below. The plaintiff pleaded such damage specifically. The allegations of such damage were in no manner assailed nor questioned in the court below. Evidence was introduced in support of them, and no exceptions are presented here for our consideration as to any such evidence.

This question was submitted in Instruction 7. The only exception to such instruction is contained in the motion for a new trial. The instruction is therein challenged on the grounds: (1) that the instruction allowed damages "without reference to whether the disease was communicated by the pigs so purchased; (2) and whether plaintiff was free from negligence in permitting the same to be so communicated;" and (3) "there being neither allegation nor proof of freedom from negligence on the part of the plaintiff with respect to the pigs theretofore owned by him." The first point thus stated in the motion for

a new trial is not now pressed, and is not included either in the grounds for reversal or in the argument. The second and third points above are argued.

If this were an action for damages for negligence of the defendant, there would be more merit in the appellant's contention at this point. The rule contended for by appellant, that it was incumbent upon plaintiff to plead freedom from contributory negligence, has no application to an action for breach of express contract. It is undoubtedly true that, in all damage actions, the plaintiff is deemed to be under duty to minimize his damages. That is an incident of his cause of action. Whether the burden of pleading was upon the plaintiff or upon the defendant is a question which cannot be raised in this court for the first time. The point was in no manner brought to the attention of the district court upon the trial. No instruction was requested thereon. Moreover, we have held that the burden of allegation in such a case was upon the defendant, and not upon the plaintiff. *Roenfeld v. Poston,* 186 Iowa 769.

Whether or when the measure of damages for breach of warranty in the sale of personal property may include damages to other property than that which was warranted and sold, is a question not raised either in the trial court or here, and we do not purport to pass upon it.

We reach the conclusion that none of the grounds of reversal specified by appellant are tenable.

The judgment of the district court is, accordingly, affirmed. —*Affirmed.*

STEVENS, C. J., and FAVILLE, KINDIG, and WAGNER, JJ., concur.