SAM PASSCUZZI, Appellee, v. F. PIERCE, Appellant.

No. 38348.

NOVEMBER 12, 1929.

*James A. Merritt*, for appellant.

*H. P. Daly*, for appellee.

MORLING, J.—I. The petition is in a single count, and sets up both warranty and fraudulent representations. No attack was made upon it.

On a Sunday, defendant sold and delivered to plaintiff a number of hogs. Plaintiff testifies that defendant said to him that the hogs were "well and all right," and if plaintiff wanted  to buy them, defendant knew they were all right. Defendant complains that the evidence does not show that defendant knew that his representation was false, or that it was fraudulently made. The action, however, is on unqualified warranty, as well as for false representations. In an action on warranty, it is not necessary for plaintiff to show scienter, or that defendant knew that his warranty was false. Motion for directed verdict because of the absence of such evidence was properly overruled.

II. Defendant argues that the court should, as requested, have instructed that the burden was on plaintiff to establish that the hogs, at the time of the sale, were infected with the disease from which it is claimed they died,—namely, swine fever, or virulent flu,—and that there was no evidence that they were so infected. The court did so charge. There is testimony to the effect that the hogs began to die the Wednesday following the Sunday of the sale, and it was then found that they were suffering from "swine fever or flu;" that the period of incubation of the disease is such that the hogs had been infected for a week or ten days. Plaintiff testifies that, when he bought the hogs, he told defendant that they looked gaunt, and defendant said he had not been home that day, and had not fed them. It was for the jury to say whether the hogs were "well and all right" at the time of the sale. *Stevens v. Bradley & Son*, 89 Iowa 174; *Mitchell v. Pinckney*, 127 Iowa 696.

III. The court instructed the jury that there was no dispute in the evidence that the hogs in question died from "swine fever or virulent flu." There was no post-mortem. The cause

 of death was matter of opinion. There was a difference of opinion between the witnesses as to the symptoms and period of incubation. The hogs after the sale were hauled ten miles, and exposed to cold. Some of the evidence was devoted to the matter of the care which the hogs had, and should have had. Because of these and other matters, the question whether the hogs died from swine fever or virulent flu should have been submitted to, rather than taken from, the jury.

IV. Defendant says that the contract was void because made on Sunday. This defense was not pleaded, and therefore not raised. *In re Estate of Rule,* 178 Iowa 184. Other ques-  tions discussed are not likely to arise, or may be avoided, on new trial.—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, WAGNER, and GRIMM, JJ., concur.