CLEMENT *v.* ROMMECK.

149  595
s157  -644

NEGLIGENCE — SALE OF DANGEROUS SUBSTANCES — LIABILITY OF RETAILER.

 A merchant who buys in the open market a stove polish which purports to be safe and proper for use, and sells the same for the purpose for which it is apparently intended, is not liable, in the absence of negligence, if it turn out that the polish is not adapted to the proposed use, but on the contrary is inflammable and explosive, and causes injury.

Error to Wayne; Murphy, J. Submitted June 4, 1907. (Docket No. 6.) Decided October 4, 1907.

Case by Alice D. Clement against Arthur O. G. Rommeck, impleaded with Crosby & Company, for personal injuries. There was judgment sustaining a demurrer as to defendant Rommeck, and plaintiff brings error. Affirmed.

*James H. Pound,* for appellant.

MONTGOMERY, J. This case was brought to recover damages for an injury sustained by plaintiff while using a stove polish manufactured by defendant Crosby & Co. and sold to plaintiff by defendant Rommeck. Both defendants demurred to the plaintiff's declaration. The demurrer was sustained as to defendant Rommeck and overruled as to defendant Crosby & Co. Crosby & Co. brought the case here and the order overruling its demurrer was sustained. *Clement* v. *Crosby & Co.,* 148 Mich. 293. The plaintiff has now brought the case here to review the order and judgment sustaining the demurrer of defendant Rommeck.

The declaration alleges that plaintiff is by occupation a housekeeper, and, having occasion to polish up her gas range, did so with a preparation she had been solicited to buy from defendants. The declaration alleges that the

preparation was "compounded, made, prepared, and put upon the public market in Detroit by a corporation known as Crosby & Co., one of the defendants herein, and upon which product defendants invited public use by the following solicitations, which they placed upon the goods when prepared for sale in the open market." (Here follows the recommendation of the preparation for use when polishing gas ranges, stoves, etc.)

The declaration avers that the preparation was sold to her agent by the defendant Rommeck without any warning of the dangerous nature of the preparation; that as a matter of fact it is a highly inflammable, volatile, and dangerous mixture, liable to ignite by spontaneous combustion, and that as a matter of fact it did ignite when being properly used, and caused serious injury to plaintiff.

The duty that is averred in the declaration is as follows:

"It then and there became the duty of the defendants, and each of them, to know the property and properties of the goods manufactured and sold by them, and that they should not manufacture and sell, both or either of them, dangerous and highly inflammable substances," etc.

The plaintiff averred that she was in nowise negligent in the use of said product or of the said product of the defendant, known as Crosby & Co., a Michigan corporation, and known and called 6–5–4, which it manufactures, and which was sold to her in the ordinary course of trade by the defendant Arthur O. G. Rommeck, and that she, plaintiff, was in nowise blamable for her own injuries, but she now here avers and charges the fact to be that the negligence, carelessness, and wrongdoing of the defendants in the manufacture and placing upon the public market for sale without notice of its dangers of such a highly inflammable and dangerous product as the composition known as 6–5–4 is and proved itself to be to plaintiff without any warning of its dangerous qualities and characteristics and the said article being sold in the open

market was and is the direct cause of the plaintiff's injuries.

It is manifest from a reading of this declaration that the theory fairly to be deduced from it is that, though the defendant Rommeck bought the preparation from Crosby & Co. properly labeled in the open market and sold it in the open market, the positive duty rested upon him to know the property of the goods and their inflammable nature and to communicate the facts to the purchaser. It is to be noted that the declaration contains no averment that the defendant Rommeck had actual knowledge of the inflammable nature of the goods, nor is it averred in what manner he was negligent in not knowing their inflammable nature. It gets down to this, whether a dealer, a hardware merchant, for example, who buys in the open market stove polish which purports to be safe and proper for use, and sells the article for a purpose for which it is apparently intended, is liable in the absence of negligence if it turn out that the article is not adapted to the use, and causes injury.

We think it clear upon principle that no such liability exists. It is sought to liken the case to the sale of an article of food in which it is held that the sale to the consumer carries with it an implied warranty of the wholesomeness of the food. *Craft* v. *Parker, Webb & Co.*, 96 Mich. 245 (21 L. R. A. 139); *Hoover* v. *Peters*, 18 Mich. 51. We are not aware that the rule of these cases has been extended to the sale of commodities like stove polish. On the contrary, we think that the principle stated in *Brown* v. *Marshall*, 47 Mich. 576, is analogous, and that negligence must of necessity be the basis of an action in such a case. The plaintiff may in such case proceed against the manufacturer, as we held in *Crosby's Case*, supra.

Judgment is affirmed, with costs.

CARPENTER, GRANT, BLAIR, and OSTRANDER, JJ., concurred.