## Martha B. Miller, Defendant in Error, v. Sven Svensson et al., Plaintiffs in Error.

## Gen. No. 18,323.

NEGLIGENCE, § 12*—*when seller of coat not liable for injuries resulting from concealed knife therein.* Where a lady purchased a fur coat from dealers in ladies garments and after wearing it was injured by reason of a furrier's knife found concealed in the coat, *held* that the dealers were not liable for the injury, it appearing that the coat was sent to the furrier's for alterations after she purchased it, and there being no evidence to show that the dealers knew the knife was in the coat or that their failure to discover it resulted from not using reasonable and ordinary care.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in this court at the March term, 1914. Reversed with finding of fact. Opinion filed November 9, 1914.

JAMES R. WARD, for plaintiffs in error.

No appearance for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

The defendants, Sven and Rudolph Svensson, are ladies tailors and sold but did not manufacture fur garments. They sold to plaintiff a fur coat. It required some alterations, was sent to a furrier to have such alterations made, and when it came back was delivered to the plaintiff, Martha Miller. It was a lined coat with padding between the lining and the fur. Plaintiff wore the coat three days, and then, in walking up stairs, received a cut in the calf of her leg from a furrier's knife which was found in the coat near the bottom. She recovered in the Municipal Court a judgment for two hundred and fifty dollars damages for such injury, on the ground that the defendants were guilty of negligence in leaving the knife concealed in the coat.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

There is no evidence tending to show that the defendants knew that the knife was in the coat. The defendants had not used the knife or any similar knife in their business, and when they purchased the coat and when it was returned after the alterations were made, examined and inspected it. We think that the conclusion to be drawn from the evidence is that the knife was left in the upper part of the coat when it was made and that it worked down to near the bottom of the coat while plaintiff was wearing it, and that the evidence does not show that the failure of the defendants to discover that there was a knife concealed in the coat was caused by any failure on the part of the defendants to use reasonable and ordinary care in respect to the coat. The defendants were not bound to anticipate and search for that which was unusual and unforeseen.

Some of the cases in which it has been held that the plaintiff could not recover are *Hasbrouck v. Armour & Co.*, 139 Wis. 366, where plaintiff sued the manufacturer and the retail vendor of a cake of soap in which a needle was concealed by which she was injured; *Akers v. Overbeck,* 18 Misc. (N. Y.) 198, where a grocer employed plaintiff to roast coffee in plaintiff's machine and in one of the bags of coffee furnished was a stone, which went into the roaster and caused the damage complained of. To same effect are *Slattery v. Colgate,* 25 R. I. 220; *Gould v. Slater Woolen Co.,* 147 Mass. 317, and *Bruckel v. Milhau's Son,* 116 App. Div. (N. Y.) 832.

The evidence in the record does not show that the defendants were guilty of any negligence in respect to the coat purchased of them by the plaintiff, and the judgment is reversed.

*Judgment reversed with finding of fact.*

Finding of fact.—The court finds as a fact from the evidence that the defendants were not guilty of any negligence which caused or contributed to the injury of the plaintiff for which she recovered in this case.