CHARLES L. CRAIG AND R. B. PARRAMORE, SUING FOR THE USE OF CHARLES L. CRAIG, *Plaintiffs in Error*, v. BAKER & HOLMES COMPANY, A CORPORATION, *Defendant in Error*.

Opinion Filed March 15, 1923.

1. On demurrer a declaration is tested by its weakest allegations.

2. A manufacturer is held to a higher degree of care than a dealer in putting dangerous compounds upon the market. A manufacturer knows the ingredients of his compound, but a dealer, who occupies the same position practically as a retailer, is not presumed to know the formula by which the article is made, or whether it is inherently dangerous.

3. A dealer purchasing an article of commerce from a manufacturer is under no obligation to test articles packed or manufactured by others for the purpose of discovering latent dangers or defects.

4. The plaintiffs, contractors, purchased from the defendant, a dealer in building materials, certain material to be applied to the inside wall of a cistern. The dealer was not alleged to be the manufacturer of the material nor that he knew the ingredients of the compound. The plaintiffs furnished the material to their workmen who were injured by an explosion of the material while it was being applied to the walls of the cistern, the explosion being caused by lowering a lighted lantern into the cistern while the work of applying the material was in progress. Held, that a declaration in an action by the em-

ployer against the dealer for damages for the injuries sustained by the employees of the plaintiff alleging the above recited facts stated no cause of action.

A Writ of Error to the Circuit Court for Dade County; H. Pierre Branning, Judge.

Judgment affirmed.

*Hudson & Cason,* for Plaintiffs in Error;

*Price & Price,* for Defendant in Error.

ELLIS, J.—This was an action by C. L. Craig and R. B. Parramore for damages for personal injuries alleged to have been sustained by two of their employees resulting from the use of certain materials alleged to have been furnished by the plaintiffs and which was alleged to have been dangerous and unsafe to persons applying it to the purpose for which such material was obtained.

The plaintiffs were contractors and were engaged under contract with Bookwalter to build a cistern which was required to be water-tight. The plaintiff supplied to their employees a certain material, the nature of which they knew nothing about, to be applied to the interior surface of the cistern walls to make it water tight. While the employees were applying the material, a lighted lantern was lowered into the cistern and an explosion occurred burning the employees severely. It is alleged that "because of the dangerous nature and composition of the said material" the explosion was caused. It is alleged in the second count of the declaration that while one employee was applying the material he became "helpless and unconscious," and another employee went into the cistern to

assist the former, the second employee requested that a lighted lantern be lowered into the cistern which was done, and the explosion occurred.

The declaration alleges that the plaintiffs applied to the defendant to supply material to be used and applied to the inside of the cistern for the purpose of making it water .tight. The defendant supplied the material knowing the purpose for which it was to be used, but did not inform plaintiffs of the "nature and character of the material" and they gave it to the workmen to be applied to the walls not knowing of the dangerous nature and composition of the material, which "could not be used in a cistern without great danger to the health and life of persons in such cistern."

The plaintiffs seek damages for money they were obliged to spend for medical attention and treatment of the employees, and for damages and compensation they have paid for the injuries sustained by one employee, and for damages they will have to pay the other who has brought an action for a large amount against them.

There was a demurrer to the declaration upon several grounds, among which are that the plaintiffs are not proper parties; no damage has been sustained by them; the right of action of the injured employees against defendants, if any exists, is not assignable to plaintiff; the defendant owed no duty to the employees of the plaintiffs; that the negligence charged against the defendant was not the proximate cause of the injury; contributory negligence; that the money paid by plaintiffs on account of the injury was not paid at defendant's request, nor is it alleged "what amount of moneys, if any, the plaintiffs have expended."

The demurrer was sustained and judgment was entered for the defendant, which the plaintiffs seek to reverse upon writ of error.

The injured employees are not parties to the action. If they have any cause of action against the defendant it cannot be determined in this case. The declaration contains allegations so it is claimed which save the plaintiffs from any charge of carelessness toward their employees.

The defects contained in the material used were latent, if it may be deemed to be defective. The explosion resulted seemingly, so far as the allegations of the declaration may be considered, from the inflammable and volatile quality of the ingredients contained in the material. It is not alleged that the materials were not suitable for making the cistern water-tight.

It is not upon a breach of contract, or breach of warranty that the plaintiffs sue the defendant, but upon a tort which it is contended the defendant committed to the plaintiffs injury in failing to advise them that the material was dangerous and likely to explode if an open flame was brought too near it.

The declaration does not allege that the defendant was the manufacturer of the materials, but that it sold the material and that the defendant "knew or ought to have known" of its dangerous character.

The declaration will be tested by its weakest allegations. A manufacturer is held to a higher degree of care than the dealer in putting on the market dangerous compounds, because he knows and is charged with notice of the contents of the article he manufactures and being the originator of it should give notice of its danger; but a dealer who buys from the manufacturer occupies the same posi-

tion practically as the buyer from the dealer and is not presumed to know the formula by which the article is made, or whether it is inherently dangerous or not. The seller is under no obligation to test articles manufactured or packed by others for the purpose of discovering latent dangers or defects. He is not under a duty to exercise ordinary care to discover whether it is dangerous or not. He takes it as he finds it on the market. See Peaslee-Gaulbert Co. v. McMath, 148 Ky. 265, 146 S. W. Rep. 770, Ann. Cas. 1913E 392, 39 L. R. A. (N. S.) 465; Howes v. Rose, 13 Ind. App. 674, 42 N. E. Rep. 303; Clement v. Rommeck, 149 Mich. 595, 113 N. W. Rep. 286; 20 R. C. L. 509.

The doctrine that an employer is in law bound to know the dangers and risks to personal safety that are incident to the business in which he employs others, does not apply in this case. If it appeared from the declaration that the business of using a material upon the interior walls of a cistern for making them water tight was usually attended with dangers to life because of the nature and character of material required to be used, in that case the employer should warn the employee, and failure to do so under some circumstances would be wrong.

The declaration stated no cause of action. The judgment is affirmed.

TAYLOR, C. J., AND WHITFIELD, BROWNE AND WEST, J. J., concur.