Matthias, J.
 

 The questions here presented arise out of the claim made by the defendant against the plaintiff by way of cross-petition, denominated therein a “set-off.” The averments thereof clearly constitute it an action for damages for alleged negligence upon the part of the plaintiff. Two specifications of negligence are made, the first being that plaintiff shipped to the defendant a ton of shredded cattle manure in soda ash bags which had not been completely cleaned, and the second, that the plaintiff failed to inform the defendant of the presence of soda ash in such cattle manure. It was asserted that “because of such negligent and careless acts of the plaintiff” the defendant
 
 *239
 
 was injured, etc. This is clearly an action
 
 ex delicto.
 
 Not only was it so pleaded, but it was tried and submitted to the jury as an action
 
 ex delicto
 
 and nothing else. It had no relation whatever to the claim sued upon by the plaintiff, which was for merchandise furnished and delivered to the defendant in November, 1922, while the wrongful and negligent acts of the plaintiff complained of by the defendant, and because of which damages are sought, occurred two years prior thereto. The defendant’s cause of action, therefore, did not arise out of the contract or transaction set forth in the petition, nor was it “connected with the subject of the action.” Hence it cannot properly be set up as a “counterclaim.” It was so denominated in the original answer of the defendant, and the court of common pleas properly sustained a demurrer thereto, but the court granted leave to amend by simply striking out the word “counterclaim” and substituting the word “set-off,” without any change whatever in the averments of the answer. Regard should be had for the substance, rather than the form. The name given the pleading should not be decisive of its virtue or validity.
 

 It is provided by Section 11315, General Code, that:
 

 “The defendant may set forth in his answer as many grounds of defense, counterclaim and set-off as he' many have, whether such as heretofore have been denominated legal or equitable, or both.”
 

 Section 11317, General Code, defines a “counterclaim.” For the reasons above indicated, the defendant’s cause of action does not come within that definition.
 

 
 *240
 
 As defined by Section 11319, General Code, a “set-off is a cause of action existing in favor of a defendant against a plaintiff between whom a several judgment might be had in the action, and arising on contract or ascertained by the decision of a court. It can be pleaded only in an action founded on contract.”
 

 Whether a valid cause of action “arising on contract” could have been asserted by the defendant need not now be determined. It is clear that the cause of action which was asserted was an action
 
 ex delicto,
 
 and as such was tried and submitted to the jury, a verdict returned, and judgment rendered in the trial court.
 

 The authorities are uniform upon the proposition that in an action on contract the defendant cannot set up as a defense thereto a cause of action
 
 ex delicto
 
 having no relation to the claim sued upon by the plaintiff. This subject was discussed in
 
 Needham
 
 v.
 
 Pratt,
 
 40 Ohio St., 186. In that case the defendant set up in his answer a cause of action arising upon alleged breach of warranty made in a transaction having no relation to that sued upon by the plaintiff. The action of the trial court in overruling the demurrer to such defense was affirmed. In the opinion it is stated:
 

 “The claim of the plaintiffs is that the cause of action stated in the answer is not a counterclaim, for the reason that it does not arise out of the contract named in the petition, nor is it connected therewith. To this we assent. * * # The allegations of fraud and deceit are sufficient, without the warranty, to constitute a cause of action in tort. And the averments of warranty and breach,
 
 *241
 
 separately taken, would constitute a good cause
 
 ex contractu.
 
 These statements were blended in a single count, and in fact are not inconsistent. That is to say, fraud may, and frequently does, accompany a warranty. As a set-off the pleading was good only on the theory that it was founded on a contract. No motion to strike out, or to separately state and number, or to elect, was made. Plaintiffs relied solely on a general demurrer. If the evidence on the trial showed a mere ease of tort, there was a total failure of proof. If, however, it made out the case of warranty and breach, the set-off was maintained. ’ ’
 

 The holding of the court in that case was that a “set-off” under our statute is not limited to liquidated, but may be also for unliquidated, damages.
 

 In the case at bar there were no averments whatever of warranty, express or implied, and the averments were only such as constitute, a cause of action in tort. There was apparently no reliance upon a cause of action
 
 ex contractu,
 
 for averments are wholly lacking which are essential to constitute any such cause of action.
 
 Harmon
 
 v.
 
 Plapao Laboratories,
 
 (Mo. App.), 218 S. W., 701.
 

 Many authorities support the rule that, if the cause of action asserted as a “set-off” is one growing out of contract, but the facts are such that the action could be brought as one sounding either in tort or in contract, the defendant may elect, and, if he elect to sue on contract, his demand may be complete as a “set-off” against plaintiff’s cause of action arising on another contract. But
 
 *242
 
 that rule cannot avail the defendant here for the reasons above indicated.
 

 The defendant’s cross-petition not only set out a cause of action in tort, but it failed to state any cause of action in contract. If defendant had attempted to set up an action upon contract, then the provisions of the uniform sales act would apply thereto. Section 8429, General Code, after providing that acceptance of goods by the buyer shall not discharge the seller from liability in damages, or from other legal remedy for breach of any promise or warranty in the contract to sell or the sale, reads as follows:
 

 “But if, after acceptance of the goods, the buyer fails to give notice to the seller of the breach of any promise or warranty within a reasonable time after the buyer knows, or ought to know, of such breach, the seller shall not be liable therefor.”
 

 If the defendant is seeking to assert any right arising from a contract of purchase and sale, or for loss occasioned by the breach of any promise of warranty, express or implied, it is essential that the same be asserted in his pleading, and it is likewise essential to aver and prove the giving of the notice within a reasonable time, as required by the statute.
 
 Regina Co.
 
 v.
 
 Gately Furniture Co.,
 
 171 App. Div., 817, 157 N. Y. S., 746;
 
 Sorensen
 
 v.
 
 Companhia
 
 (Sup.), 180 N. Y. S., 201;
 
 Wildman Mfg. Co.
 
 v.
 
 Davenport Hosiery Mills,
 
 147 Tenn., 551, 249 S. W., 984;
 
 Marmet Coal Co.
 
 v.
 
 People’s coal Co.,
 
 (C. C. A.), 226 F., 646;
 
 Bloch
 
 v.
 
 Eastern Machine Screw Corp.,
 
 (C. C. A.), 281 F., 777;
 
 Watson
 
 v.
 
 Walker,
 
 23 N. H., 471. Such’ averments were essential to make a good pleading in an action
 
 ex con
 
 
 *243
 

 tractu,
 
 and for at least that reason the matter set up in the answer fails to constitute a valid “set-off.” There is some evidence in the record that in July, 1922, the defendant wrote a letter to the plaintiff, which, it is asserted, was notice of the damages claimed to have been sustained. It 'is suggested that under the¡ provisions of Section 11363, General Code, amendment of the pleading to conform to that proof should even now be permitted. That, of course, could not be done for at least two reasons. Such amendment would make an entirely different issue of fact, with no opportunity to the plaintiff to offer evidence thereon. Whether such notice was given within a reasonable time is a question for the jury, where the issue is made and evidence adduced thereon.
 
 Hesse
 
 v.
 
 Gude Bros.-Kieffer Co.,
 
 (Sup.), 170 N. Y. S., 211;
 
 Marmet Coal Co.
 
 v.
 
 People’s Coal Co., supra.
 
 That issue was withheld from the jury, though a special charge was requested submitting the same. Not only was such requested instruction refused, but also all requests on the subject of warranty.
 

 The contention is unanswerable that, if the cause of action asserted by defendant is one in tort, it cannot be maintained as a “set-off,” and, on the other hand, if it is an action on contract, then the special charges requested by the plaintiff should have been given by the trial court. That there was manifest error in the trial of the case requiring a reversal of its judgment seems clear.
 

 But we have the further question whether upon the undisputed facts the trial court should have sustained plaintiff’s motion for a directed verdict
 
 *244
 
 in its favor, and therefore whether this court should now render final judgment in favor of the plaintiff.
 

 The charge of negligence upon which the defendant seeks to recover is predicated upon a claimed breach of duty which the plaintiff owed the defendant, and that breach was the manner of packing the merchandise and the failure to give warning of the injurious contents. The merchandise was neither prepared nor packed by the plaintiff, but was handled by the plaintiff as a dealer, and only in the original packages in which it was furnished and shipped by the manufacturer. Indeed, in this instance the evidence discloses that upon receipt of the order for this merchandise the manufacturer shipped the same direct to defendant. If any deleterious substances were included therein by reason of its manner of packing, or from the use of unclean containers, the plaintiff had no part therein and no knowledge thereof. From the nature of the transaction the plaintiff could not havei had any knowledge, nor could it have been charged with notice because of any previous experience, for the evidence shows that in the 18 years of its dealing in such merchandise no such thing had occurred, or at least no complaint had been made or any facts brought to the plaintiff’s attention, with reference thereto. No charge of negligence could be predicated upon a failure to give warning of conditions of which the plaintiff did not know, and which it had no reason whatever to suspect. It is difficult to see how a finding of negligence from such facts could possibly be reached by a jury, and certainly such finding could not be sustained by the court. The merchandise in question here was not in
 
 *245
 
 herently harmful or dangerous. The proposition is sustained by reason and authority that a retail store in selling a commodity, not inherently harmful or dangerous, is not liable in tort for its defective condition, causing injury to another, in the absence of some act of negligence on the part of the dealer; as is also the proposition that, where a dealer sells an article of merchandise in the original package as it comes from the manufacturer, and the customer buys it knowing there has befen no inspection by the dealer, there is no implied warranty, and that, in the absence of an express warranty or representation, such dealer is not liable to the purchaser for damages caused by any deleterious substance in such merchandise, of the presence of which he had no knowledge.
 
 Barrango
 
 v.
 
 Hinckley Rendering Co.,
 
 230 Mass., 93, 119 N. E., 746;
 
 Hasbrouck
 
 v.
 
 Armour & Co.,
 
 139 Wis., 357, 121 N. W., 157, 23 L. R. A., (N. S.), 876;
 
 Stone
 
 v.
 
 Van Noy Rd. News Co.,
 
 153 Ky., 240, 154 S. W., 1092;
 
 Clement
 
 v.
 
 Rommeck,
 
 149 Mich., 595, 113 N. W., 286, 13 L. R. A. (N. S.), 382, 119 Am. St. Rep., 695;
 
 Akers
 
 v.
 
 Overbeck,
 
 18 Misc. Rep., 198, 41 N. Y. S., 382;
 
 Miller
 
 v.
 
 Svensson,
 
 189 Ill. App., 355;
 
 Walden
 
 v.
 
 Wheeler,
 
 153 Ky., 181, 154 S. W., 1088, 44 L. R. A., (N. S.), 597;
 
 A. H. Andrews & Son
 
 v.
 
 Harper,
 
 137 Wash., 353, 242 P., 27;
 
 West
 
 v.
 
 Emanuel,
 
 198 Pa., 180, 47 A., 965, 53 L. R. A., 329.
 

 In the last case cited it was held that:
 

 “In the sales of patent or proprietary medicines furnished by the compounder of the ingredients which compose them, the druggist is not required to analyze the contents of each bottle or package he receives. If he delivers to the consumer the
 
 *246
 
 article called for with the label of the proprietary or patentee upon it, he cannot be justly charged with negligence in so doing, and will not be liable for an injury caused by the preparation.”
 

 In
 
 Akers
 
 v.
 
 Overbeck, supra,
 
 the record shows that the defendant, upon the order of the plaintiff, caused a bag of coffee to be shipped by a third party to the plaintiff. It transpired that the bag contained a stone which injured the plaintiff’s roasting machine, and he brought action charging the defendant with negligence causing the injury. The court in discussing the question presented said that negligence could result only from knowledge and concealment of the defect, or of failure to use reasonable diligence to discover it, and concluded that the defendant could not be held negligent for failure to look for a thing the presence of which could not have been suspected from any previous observation or experience.
 

 In the case of
 
 Andrews & Son
 
 v.
 
 Harper, supra,
 
 it was held that the sellers of dairy stock feed in original packages, on which information as to the contents was plainly stamped, did not impliedly warrant that the particular lot sold would contain no foreign, deleterious, or poisonous substance.
 

 In the case of
 
 Walden
 
 v.
 
 Wheeler, supra,
 
 the record shows that the defendant, a dealer, sold dairy food in original packages as received from the manufacturer without any representation, and the purchaser knew that there had been no inspection by the dealer and was not relying upon his judgment. The court.held that there was no implied warranty by the dealer, and that he was not
 
 *247
 
 liable for the death of cattle on account of glass in such food.
 

 It therefore appearing that under the undisputed facts in the record a judgment should have been rendered for the plaintiff, that judgment -will be here entered.
 

 Judgment affirmed.
 

 M ATt.RTTALL, C. J., DAY, ALLEN, KlNKADE, ROBINSON and Jones, JJ., concur.