THE DAYTON OAKLAND CO. *v.* LIVESAY.

(Decided June 3, 1929.)

*Messrs. Murphy, Leen & Murphy* and *Messrs. Craighead, Cowden, Smith & Schnacke,* for plaintiff in error.

*Messrs. Allaman, Funkhouser & Murr,* and *Mr. H. L. Shellenberger,* for defendant in error.

ALLREAD, J. This action was brought by Mildred Livesay upon a written guaranty given her in the purchase of an Oakland automobile.

The action was brought against the Dayton Oakland Company, a local company engaged in the sale of Oakland automobiles.

The written warranty given her provided, among other things, as follows:

"That the aforesaid automobile is guaranteed against defective material by The Dayton Oakland Company, as per printed guarantee which appears on back of this contract.  *  *  *

"That there are no guarantees or representations, expressed or implied, not specified herein, respecting the automobile hereby ordered.  *  *  *

"That no change, alteration, interlineation, or verbal agreement of any kind shall be effective to change, alter or amend the printed terms of this agreement, or the guarantee printed on the back hereof."

Upon the back of the contract is the following:
"The Oakland Motor Company
"Ninety Day Guarantee.
"The automobiles furnished by the Oakland Motor Company are warranted to be free from defects in material and workmanship under normal use and service, our obligations under this guarantee being limited to making good at our factory any part

or parts thereof, which shall within ninety days after delivery to the original purchaser, be returned to us with transportation charges prepaid, and which our examination shall disclose to our satisfaction to have been thus defective; this guarantee being expressly in lieu of all other guarantees expressed or implied, and all other obligations or liabilities on the part of the Oakland Motor Company, and we neither assume, nor authorize any person to assume for us, any liability in connection with the sale of Oakland Automobiles."

Plaintiff in the court below sought to recover damages from the improper use of double numbers upon the automobile, resulting in her detention by the sheriff in Pecos, Texas, pending identification, and further because, upon her release, the distributor drive shaft was broken in said car, disclosing an old, or at least a prior, crack therein, and she was compelled to have the car hauled one hundred and twenty-five miles to a garage station, where the automobile was repaired. At this time she discovered the cylinders were of different sizes, and claimed that all of these defects were due directly to the improper acts of the defendant, or the manufacturing company, and were within their knowledge at the time of the sale. Plaintiff alleged that she was earning $10 per day as a saleslady, and that she expended money in coming to Dayton; and she therefore asked damages in the sum of $2,500. All of these things complained of occurred on and after April 16, 1927.

The case came on for trial in the court below, and was submitted on the evidence. This evidence included the written guaranty above referred to. At

the close of the plaintiff's evidence, and at the close of all the evidence, a request was made by the defendant to direct a verdict in its behalf. This the trial court refused, but gave an instruction incorporating the views of the defendant in respect to the express warranty, and so charged the jury in the general charge as to eliminate the double numbers on the engine and the arrest and detention of the plaintiff by reason thereof. So also the charge, in substance, eliminated the item of cost in bringing the car to Dayton. This left only the question arising from an implied warranty, or from a part of the written warranty coupled with an implied warranty based thereon.

In our judgment, the written warranty must be taken as a whole, and cannot be separated into parts. The plaintiff below was bound to accept the warranty as a whole. The warranty as a whole superseded all other warranties, express or implied. The limitation of the warranty is confined to the period of ninety days. This is a reasonable period, and nothing has been shown to the contrary. The double numbers could have been seen upon an inspection of the engine, and, while the alleged breakage in the distributor shaft might not have been so readily seen, yet, after the lapse of ninety days, the warranty in respect to defective material would be ended. It was therefore the duty of the plaintiff to have made the discovery within the ninety-day period, and to tender the defective parts within that period to the company, or its agent. *McMurray* v. *Vaughn's Seed Store,* 117 Ohio St., 236, 157 N. E., 567.

We are of opinion that there is no liability in this

case except upon the written guaranty, and that such guaranty could not be asserted as to any defective material discovered subsequent to ninety days after the date of the sale.

We are therefore of opinion that the trial court should have sustained the motion for a directed verdict for defendant after the conclusion of all the evidence. For this error, we are of opinion that the judgment of the trial court must be reversed and final judgment rendered in this court in favor of the plaintiff in error.

*Judgment reversed and judgment for plaintiff in error.*

KUNKLE and HORNBECK, JJ., concur.