[Civil No. 4253.   Filed February 24, 1941.]

[110 Pac. (2d) 547.]

THE O. S. STAPLEY COMPANY, a Corporation, Appellant, v. F. O. NEWBY, Appellee.

Mr. I. A. Jennings and Mr. Henry S. Stevens, for Appellant.

Mr. Wm. J. Fellows, for Appellee.

LOCKWOOD, C. J.—This is an action by O. S. Stapley Company, a corporation, plaintiff, against F. O. Newby, defendant, to recover the amount plaintiff claims to be due it under an agreement for the purchase and sale of a certain harvester thresher and tractor. Defendant answered admitting the agreement to purchase but alleging that he rescinded the contract for the reason that the property purchased was not in condition as warranted by plaintiff, and cross-complained alleging, in substance, that he had purchased the machinery relying on certain representations and warranties of plaintiff, which warranties were untrue and false; that by reason thereof he sought to recover the amount paid on the purchase price of the machinery, and the amount which he had expended in endeavoring to repair it, and a demurrer was interposed on the ground that it appeared on the face of the complaint it was barred by the statute of limitations. The court overruled the demurrer and the case was tried to a jury which returned a verdict against plaintiff on its complaint, and for defendant

on his cross-complaint in the sum of $300. Judgment was duly entered on the verdict, and thereafter plaintiff appealed.

The facts necessary for a determination of the issues raised on the appeal are not in serious dispute, and may be stated as follows. Plaintiff introduced in evidence two certain written documents which, so far as material to this case, read as follows:

(On the front)
        "Order for Second Hand Goods
"To The O. S. Stapley Company,
"Phoenix, Arizona.
    "I hereby order of you without warranty of any character on your part the following goods:
        1 Used No. 11 Harvester Thresher
        1 Used 22–36 Tractor, Eng. No. 124301.

• • • • • • • • • • • • • • •

    "I am retaining a copy of this order which, together with the agreement on the back hereof, is understood to be our entire contract.
"(Date) 5-6-1937                    F. O. Newby
"Accepted: 5-7-37
"By the O. S. Stapley Company
"By J. A. Dewar, Cr. Mgr."
(On the back)
                "Agreement
    "The Seller agrees to deliver goods as ordered unless prevented by causes beyond his reasonable control.
    "After delivery all goods shall be held and used at the Purchaser's risk and expense, but title, with right of repossession for default, is reserved to the Seller until the full purchase price has been paid in cash.
    "In case the Purchaser refuses to receive and pay for said goods in full as herein provided, the Seller may retain as liquidated damages all moneys or goods paid on account of said goods, not exceeding, however, twenty-five per cent of the purchase price, and in such case any trade-in goods taken by the Seller in part payment shall be accounted for at the price at which

resold, less expense of reconditioning, handling and selling.''

"Arizona—Instalment Note

"$1,076.18          Phoenix, Arizona, May 8, 1937
                    3701                    Year 193—
          ''(Refer to this Number and Year)

"For value received, I promise to pay to The O. S. Stapley Company or order, at Phoenix, Arizona, the sum of One Thousand Seventy-six and 18/100 Dollars in instalments in the amounts and at the times stated in the schedule of instalments endorsed hereon and made a part hereof with interest at no per cent from date until maturity.

.  .  .  .  .  .  .  .  .  .  .  .  .  .

"This note is given for the balance of the purchase price of:

"1 Used No. 11 Harvester Thresher and 1 Used 22–36 Tractor, Eng. No. 124301. . . . I further agree that if I make default in the payment of any one of said instalments . . . or if at any time the payee shall deem itself insecure, then it may in either or any such event declare this note and all instalments thereof immediately due and payable and take possession of said property, wherever found, and sell the same at either public or private sale, with or without notice, pay all expenses incurred thereby, including repairs, replacements, accessions, taxes, and expenses of sale, and apply the net proceeds on this note; . . .

"F. O. Newby
"Witness to signature, Fred Lindsey.''

It then showed the delivery of the machinery mentioned therein and the failure of defendant to make full payments, the repossession of the property and its sale as required by the Uniform Sales Act, the application of the proceeds to the note, and that there was a deficiency in the amount prayed for in its complaint.

Defendant admitted the execution of the two written instruments in question at the same time on May 8, 1937, and then attempted to detail many alleged representations and statements made by plaintiff in regard

to the machinery before their execution. This was promptly objected to by plaintiff, on the ground that negotiations and statements made prior to the entering into of a written contract are deemed incorporated into the contract, and parol evidence of such negotiations and statements was not admissible, and that the written contract itself contains a clause denying any warranty of any such character. The trial court overruled the objection and admitted a large amount of testimony in regard to alleged representations, warranties and examinations of the machinery made before the execution of the written contract, as well as evidence in regard to the condition of the machinery and its fitness for the purpose for which defendant desired to use it. The latter also offered evidence showing that he had repudiated the contract and invited plaintiff to take the machinery back. Thereafter the court gave various instructions to the jury, and a verdict and judgment were returned and rendered as above stated.

The first question we consider is whether the statute of limitations had run. It is urged by defendant that this action arises under subdivision 3 of section 29–201, Arizona Code, 1939, which reads as follows:

"Upon a liability created by statute, other than a penalty of forfeiture."

It is the position of plaintiff that it falls under section 29–205, Arizona Code, 1939, which reads, so far as material, as follows:

"*On written contracts—On bond of personal representative—Specific performance—Foreign judgment—Forcible entry.* Actions for debt where the indebtedness is evidenced by or founded upon a contract in writing, executed within this state, shall be commenced and prosecuted within six (6) years after the cause of action has accrued and not afterward. . . . "

■ The argument of defendant is that we have held that statutory provisions become a part of any contract to which they are appurtenant, and that the provisions of the Uniform Sales Act govern the present contract. With this we agree, but we think the conclusion that the action is, therefore, "created by statute" is a *non sequitur*. The statute becomes a part of the contract and not the contract a part of the statute, and the action herein is based upon a contract of purchase and sale, even though the terms of the statute are automatically written into the contract. The right of action to recover the purchase price of property sold existed, and still exists, independent of statute, and the mere fact that the statute may require certain methods of procedure in order to recover does not affect its basic nature. The court properly overruled the demurrer to the plea of the statute of limitations.

■ The next question is as to the admissibility of parol evidence of representations and warranties made prior to the execution of the written instruments above set forth. We think there can be no question that these instruments, executed at the same time, constitute an unambiguous written contract whose terms cannot be varied by parol evidence. *White* v. *Frye*, 27 Ariz. 447, 234 Pac. 34; *Chandler Imp. Co.* v. *Andersen,* 39 Ariz. 426, 7 Pac. (2d) 255. Parol evidence of prior representations or warranties were, therefore, inadmissible and the court erred in allowing the jury to consider them. *Valentine* v. *Shepherd,* 19 Ariz. 241, 168 Pac. 643. But, it may be said, the Uniform Sales Act, article 5, chapter 52, Arizona Code, 1939, provides that there shall be certain implied warranties with the sale of goods, and that among them is the following:

"52–515. *Implied warranty of quality or fitness.* Subject to the provisions of this chapter (article) and of any statute in that behalf, there is no implied

warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except as follows:

''1. Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose;

''3. If the buyer has examined the goods, there is no implied warranty as regards defects which such examination should have revealed;''

and that it appeared from the evidence defendant had made known to plaintiff the purpose for which the machinery was purchased, and it afterwards appeared it was unfit for that purpose. Defendant admits that he made an examination of the machinery before he signed the contract of purchase, but claims that the examination was made under such circumstances and the defects were such that he could not reasonably have ascertained them thereby.

█ There is no doubt that in the absence of an express agreement to the contrary, under the Uniform Sales Act the seller of an article, who knows the purpose for which it is required and also knows that the buyer relies on the seller's skill and judgment in regard to the fitness, impliedly warrants that it shall be reasonably fit for such purpose. The contract of purchase and sale, however, expressly states that there is no warranty of any character whatever in regard to the goods, and that they were used instead of new machinery. This is an express disclaimer on the part of the seller of a warranty, express or implied. May such a disclaimer be made, under the provisions of the Uniform Sales Act? Section 52–582, Arizona Code, 1939, reads, so far as material, as follows:

*"Rules for interpretation and definitions.* Where any right, duty, or liability would arise under a contract to sell or a sale by implication of law, it may be negatived or varied by express agreement or by the course of dealing between the parties, or by custom, if the custom be such as to bind both parties to the contract or the sale."

▮ It appears therefrom that the parties may by express agreement negative any of the warranties of the act, and where the parties to the sale have by their express agreement negatived any warranties whatever, certainly implied warranties also are negatived. *Sterling-Midland Coal Co.* v. *Great Lakes Coal, etc., Co.,* 334 Ill. 281, 165 N. E. 793; *Minneapolis Threshing Mach. Co.* v. *Hocking,* 54 N. D. 559, 209 N. W. 996; *Dayton Oakland Co.* v. *Livesay,* 34 Ohio App. 302, 170 N. E. 880; *Bridgeport L. A. W. Corp.* v. *Levy,* 110 Conn. 255, 147 Atl. 841; *Oldfield* v. *International Motor Co.,* 138 Md. 35, 113 Atl. 632.

We think we need not discuss the actions of the trial court complained of by plaintiff in regard to the instructions, for it evidently based them on a theory of the case inconsistent with that which we have set forth as the true rule which should have been followed.

The judgment is necessarily reversed and the case remanded for a new trial in accordance with the opinions expressed herein.

McALISTER and ROSS, JJ., concur.