BRADEN, APPELLEE, *v.* NEUBRANDER ET AL., APPELLANTS.

(No. 375—Decided March 30, 1951.)

*Messrs. Lutz & Puglisi,* for appellee.
*Mr. Kenneth J. Nordstrom,* for appellants.

McCLINTOCK, P. J. This is an appeal on questions of law from a judgment of the Court of Common Pleas of Ashland County. Plaintiff, appellee herein, filed a petition against defendants, appellants herein, and in his first cause of action claims that there is due him the sum of $478.88, with interest, on an account for labor and material furnished Edwin Neubrander, Walter Neubrander, and Arthur F. Neubrander.

For his second cause of action plaintiff incorporates and makes a part thereof all the averments of his first cause of action and further says that in pursuance of a contract with Edwin Neubrander, Walter Neubrander, and Arthur F. Neubrander, Edwin Neubrander being the owner and Walter Neubrander and Arthur F. Neubrander being the lessees, agents, and tenants of the owner, plaintiff furnished labor and material for the construction and repair and certain improvements on a barn and building of the defendants, situated on the land thereinafter described, and thereafter perfected a lien for the labor performed and material furnished and filed the same with the recorder of Ashland county.

Plaintiff prays for judgment for the sum of $478.88, with interest.

The defendant Prudential Insurance Company of America claims some interest in the premises by reason of a mortgage.

To this petition the defendants filed a joint answer and cross-petition, and in their answer to the first cause of action admit that the plaintiff furnished the labor and material set forth but deny there is any money due the plaintiff thereon. Further answering, defendants deny each and every allegation of plaintiff's first cause of action not admitted to be true.

In their answer to the second cause of action, defendants admit the existence of a certain contract between them and plaintiff; that plaintiff furnished labor and material on the barn or building of defendants; that a lien was perfected and filed in the recorder's office of Ashland county, Ohio; and that no part of the claimed indebtedness evidenced by such mechanic's lien has been paid. Defendants deny that plaintiff has a valid lien upon the real estate described in the petition; that there is due plaintiff the amount

claimed in his petition; and that there is anything due to plaintiff as alleged in such cause of action, over and above all setoffs of the defendants, as claimed in plaintiff's alleged mechanic's lien affidavit. Defendants deny further each and every allegation in the second cause of action not therein expressly admitted to be true.

Defendants, in their cross-petition, allege that on or about the 10th day of December 1949 plaintiff was employed by them to do certain construction work; that plaintiff then and there represented himself to defendants as a contractor of skill and experience, capable of repairing and rebuilding for defendants the damaged and collapsed north wing portion of the main barn then and there situated on the premises of defendants; that the defendants then and there agreed to employ plaintiff to repair and rebuild such barn in a workmanlike manner, on a time and material basis then and there agreed upon between the parties; and that it was agreed further that plaintiff would repair and rebuild said portion of the building in such a manner as to make it usable and adequate for normal stress and strain and for normal weight-loads.

Defendants allege further in their cross-petition that plaintiff repaired and rebuilt the section of the barn, including the installation of two main support beams; that such beams, as well as all other work, were installed pursuant to plaintiff's own plans and specifications; that upon completion defendants paid plaintiff the amount claimed due him for work and material, being the sum of $1,497.80; that within a brief period of time after the completion of plaintiff's work for the defendants both of the main support beams sagged and bent, which in turn caused the roof of the barn to sag, and as a direct consequence no sub-

stantial weight of any kind, such as hay or farm machinery could be placed upon the barn floor; and that there was a loss of the use of the barn floor, caused by the failure and negligence of the plaintiff to install the proper type of beams sufficient to carry the normal stress and strain required for the support of the roof and entire barn structure.

It is further alleged that plaintiff breached his warranties with the defendants to repair and rebuild such barn in a workmanlike manner and that such repairs would be planned and performed in such a manner as to carry the normal stress and strain of a structure of this type and so as to carry the normal weight-loads of such structure; that, by reason of plaintiff's breach of warranties and faulty construction, defendants lost the use of the portion of their main barn for the entire spring and summer of the year 1950; that plaintiff failed and refused to repair and rebuild the damaged and sagging structure, although often requested by the defendants so to do; that defendants were obliged to expend the sum of $276.33 for the hire of other labor and the purchase of additional material to redo the portion of the barn faultily built by the plaintiff in the manner aforesaid; and that defendants were further damaged by loss of use of the barn for hay storage in the summer of 1950 and were required to temporarily store 2,175 bales of hay on the dirt floor in another section of the barn.

Defendants further say that they were damaged by the added expense of double handling required in moving the aforesaid bales back to the repaired barn and by spoilage of 200 bales of clover-alfalfa-mix hay by reason of the necessity of temporary storage of the bales on a damp dirt floor, to the defendants' further damage in the amount of $500. Defendants pray judgment against plaintiff in the sum of $776.33.

Plaintiff filed a demurrer to the defendants' cross-petition, for the reason that the facts do not constitute a counterclaim. The demurrer was sustained by the Court of Common Pleas, and, the defendants not desiring to plead further, the cross-petition was dismissed by the court. Thereafter, defendants appealed to this court on questions of law, and for their assignments of error claim:

1. The court below erred in sustaining plaintiff's demurrer and dismissing defendants' counterclaim.

2. The judgment for the plaintiff sustaining his demurrer is contrary to law.

The question presented is: Does this cross-petition set out sufficient facts to constitute an action *arising out of a contract?*

Section 11317, General Code, as amended September 27, 1947, reads as follows:

"A counterclaim is a cause of action existing in favor of one or more defendants against one or more plaintiffs or one or more defendants, or both, between whom a several judgment might be had in the action, and arising out of the contract or transaction set forth in the petition as the foundation of the plaintiff's claim, or connected with the subject of the action or *arising out of contract* or ascertained by the decision of a court.

"Such counterclaim shall not be limited to the amount claimed by the plaintiff or defendant against whom such counterclaim is asserted." (Italics supplied.)

Section 11319, General Code, relative to a setoff, was repealed at the time Section 11317, General Code, was amended. It is to be noted that the basis of defendants' claim for damages is a breach of a contract other than that set out in plaintiff's petition.

It is the claim of plaintiff that the cross-petition of

defendants sets forth a cause of action based on tort and not arising out of a contract, within the meaning of Section 11317, General Code, as amended.

Counsel for plaintiff cite several authorities which they claim support their contention and refer to the case of *McMurray* v. *Vaughan's Seed Store,* 117 Ohio St., 236, 157 N. E., 567. When that case was decided, Section 11319, General Code, which provided for a setoff, was in effect, and the court held that in an action founded on contract the defendant may by answer assert as a setoff only a cause of action arising on contract or ascertained by the decision of the court, and such setoff could be pleaded only in an action founded on contract. The court found from the facts therein that the answer alleging a setoff did not assert facts sufficient to constitute a cause of action *ex contractu.*

On page 240 the court quoted with approval from the case of *Needham* v. *Pratt,* 40 Ohio St., 186, as follows:

" 'The allegations of fraud and deceit are sufficient, without the warranty, to constitute a cause of action in tort. And the averments of warranty and breach, separately taken, would constitute a good cause *ex contractu.*' "

Counsel cite also *Gillette* v. *Tucker,* 67 Ohio St., 106, 65 N. E., 865, 93 Am. St. Rep., 639. That case was approved by the Supreme Court in the case of *Bowers* v. *Santee,* 99 Ohio St., 361, 124 N. E., 238, the first paragraph of the syllabus of which reads as follows:

"The relation of surgeon and patient is one arising out of contract, express or implied. The surgeon is not an insurer or guarantor, but does agree to exercise the average degree of skill, care and diligence exercised by members of the same profession in the given situation."

A careful reading of the cross-petition filed by defendants' discloses that it is claimed by defendants that plaintiff agreed to do this work in a workmanlike manner and represented to them that he was a contractor of skill and experience, capable of doing this work, and that plaintiff agreed to repair and rebuild the barn in a workmanlike manner. These facts constitute a relationship between the parties, arising out of a contract.

In conclusion, it is the opinion of this court that the cross-petition does state a cause of action arising out of a contract, and not a tort as claimed by plaintiff. For that reason the Court of Common Pleas committed prejudicial error in sustaining plaintiff's demurrer to the cross-petition.

For that reason, the judgment of the Court of Common Pleas is reversed and this cause is remanded to that court for further proceedings according to law.

*Judgment reversed.*

PUTNAM and MONTGOMERY, JJ., concur.