253 P.2d 342

**HENRIE et al. v. SINGH.**

No. 5613.

Supreme Court of Arizona.

Feb. 16, 1953.

Rehearing Denied March 24, 1953.

Reed & Wood, of Coolidge, E. R. Thurman, of Phoenix, for appellant.

Ellis & Sult, of Eloy, Tom Fulbright, of Florence, for appellee.

PHELPS, Justice.

Appellant Nyal Henrie, doing business as International Machinery Company, brought this action against appellee John Diwan Singh for the recovery of certain money which he alleged he paid to Singh under the terms of an oral agreement for the purchase of 260 acres of land located in the Casa. Grande area and which Singh thereafter refused to convey to him and asks for the cancellation of a note in the sum of $1496.13 which he alleges he gave to Singh as a completion of the purchase price of said land. Appellee Singh answered the complaint denying and admitting portions thereof and under the designation of Third Defense and Counterclaim, alleges facts upon which he predicates his claim for affirmative relief.

The cause was tried to a jury but at the close of plaintiff's case the court granted defendant's motion for an instructed verdict and at the same time struck all testimony offered by plaintiff in support of the oral agreement and denied defendant Singh relief upon his counterclaim. Judgment was entered upon the verdict and Henrie appeals therefrom. No appeal was taken from the ruling on the counterclaim. Appellant and appellee will hereinafter be referred to as plaintiff and defendant respectively.

Plaintiff's pleadings are most confusing in that they allege in paragraph 2 thereof an indebtedness from defendant to plaintiff based upon a written contract attached to the complaint as Exhibit A. An examination of the contract shows no resemblance whatever to the amounts alleged in the complaint as being predicated thereon.

In paragraph 3 of the complaint, however, plaintiff alleges that on or about April 26, 1948, plaintiff and defendant entered into an oral agreement wherein plaintiff agreed to purchase from defendant a 260-acre ranch in the Casa Grande area for the sum of $6000 payable $4,503.87 in cash equivalent and the balance $1496.13 by giving defendant his promissory note for that amount. He then alleges in substance that plaintiff fully performed his contract but that defendant refused to convey the ranch to him and he brings this action to recover the amount he had paid for the ranch.

In plaintiff's brief on appeal he takes the position that the allegations concerning the written agreement for the sale of the gas engine were incorporated in the complaint merely as an inducement or predicate for the cause of action upon breach of the oral agreement for the purpose of showing the source of the consideration paid for the ranch. We are accepting this view of it and are holding that plaintiff's cause of action, if any he has, must arise out of the breach of the oral agreement.

After a thorough study of the case as we analyze the situation gathered from the pleadings and from the evidence the written agreement relating to the gas engine, insofar as plaintiff and defendant are con-

cerned, was a completely executed agreement from and after April 29, 1949. Neither party thereafter owed any duty or obligation to the other under that agreement. Neither party therefore could have a cause of action against the other based thereon. Plaintiff sold defendant the gas engine together with certain equipment for $17,650.55. The written contract was dated April 29, 1949. It acknowledged receipt as the down payment thereon of the sum of $7,060.22 which according to plaintiff's letter of April 26, 1949, and identified in these proceedings as Exhibit 3, consisted of $2,556.35 credit for certain items of expense incurred by defendant in the installation of said gas engine and the sum of $4,503.87, payment plaintiff had made or was to make to defendant under the terms of the oral agreement for the purchase of the 260-acre ranch from defendant. How or when the balance of the purchase price of the gas engine was to be made under the terms of the written agreement is immaterial inasmuch as plaintiff assigned said written agreement together with whatever interest he had in the gas engine to the Valley National Bank on April 29, 1949, the day of its execution between plaintiff and defendant. The written contract, as above stated, thereupon became a completely executed contract between plaintiff and defendant. Nothing remained for either party to perform for the other. Plaintiff, by his assignment to the bank presumably for the balance of the purchase price named in the written contract, divested himself of all interest in both the contract and the gas engine. According to its terms he had received from defendant all defendant owed on the contract up to and including the date of its assignment to the bank.

While there appears an interrelated background to the written and oral agreements between plaintiff and defendant there is no legal relation between the contracts themselves. Each is entirely separate from the other and relates to an entirely different subject matter. When defendant orally agreed with plaintiff to sell the 260-acre ranch to him for $6000 and to credit thereon the sum of $4,503.87, the amount he had agreed to pay in cash to plaintiff as a part of the initial payment on the gas engine, and to accept plaintiff's note in the sum of $1,496.13, or in cash as the case may be, making a total of $6000, the agreed purchase price therefor, and in consideration thereof defendant agreed to convey the ranch to plaintiff every essential of an agreement was embodied therein and whatever duties each owed the other must be found in that oral agreement alone. The issue in the case should have been confined strictly to the breach of the oral agreement. It was error for the court to reject evidence relating to such agreement including Exhibit 3, the letter bearing date April 26, 1948 (should be 1949) from plaintiff to defendant.

With due deference to the outstanding ability of counsel engaged in this litigation we are constrained to observe that the issues presented here have been rather grievously confused. We believe, however, that assignments of error 3, 4 and 5 are sufficient upon which to predicate error in the rulings of the court and to rest the rights of the parties upon the breach of the oral agreement which was admitted both in the answer and upon the witness stand by defendant. Upon defendant's failure to convey the premises under the terms of the oral agreement there immediately arose an implied promise on his part to repay to plaintiff the amount paid by him on the purchase price of the ranch. 49 Am.Jur. 868, Sec. 563.

Defendant's attempt to plead an express warranty in a prior oral agreement of the fitness of the gas engine for the purposes for which it was purchased as a part of his defense to the oral agreement cannot be sustained on any theory, first, because as we have stated above, the written contract became completely executed on April 29, 1949; secondly, because the contract itself stated that no warranties not therein expressed had been made and any prior oral warranty would have been merged in the written agreement. This court in O. S. Stapley Co. v. Newby, 57 Ariz. 24, 110 P.2d 547, expressly held that under a written contract containing similar language to that in the instant case, the statutory implied warranty could not be raised. And in Gilmore v. Wingate, 21 Ariz. 542, 190 P. 571, we held an oral warranty could not be added to a written contract of sale. Plaintiff's claim for attorney's fees is entirely without merit for the same reason.

The trial court committed reversible error in excluding evidence of the oral agreement and granting defendant's motion for an instructed verdict.

Inasmuch as defendant admitted upon the witness stand the oral agreement relating to the purchase of the ranch from him by plaintiff and the terms thereof, and inasmuch as the only defense interposed by him was an express warranty, and since the contract contains no express warranty and an implied warranty is not available to him under the circumstances, judgment is reversed with instructions to enter judgment for plaintiff for $4,503.87, interest and costs, and for cancellation of plaintiff's note.

STANFORD, C. J., and LA PRADE, UDALL and WINDES, JJ., concur.