**MARYLAND CAS. CO. v. OWENS-ILLINOIS GLASS CO.**

Civ. No. 1273.

United States District Court,
S. D. West Virginia,
Charleston Division.

Sept. 25, 1953.

Pauley & Andrews, Larry W. Andrews and E. Franklin Pauley, Charleston, W. Va., for plaintiff.

Steptoe & Johnson and Wilson Anderson, Charleston, W. Va., for defendant.

MOORE, Chief Judge.

The complaint in this case contains the following allegations:

Plaintiff is an Insurance Company, a citizen of the State of Maryland. Defendant, a citizen of Ohio, is a manufacturer of glass bottles. Plaintiff sues as assignee of one J. M. Honeycutt, doing business as Nehi Bottling Company, whose bottling plant is located in Appalachia, Virginia, where he bottles and sells Royal Crown Cola.

Defendant supplied the bottles used by Honeycutt to market Royal Crown Cola. While being moved from one bottle case to another, one of the bottles containing Royal Crown Cola bottled by Honeycutt exploded and seriously injured one R. H. Fuller of Haysi, Virginia. Neither the date nor the place of the explosion are set out in the complaint. Plaintiff was insurer in a policy of liability insurance carried by Honeycutt. Fuller demanded compensation from Honeycutt for his injuries, but so far as the complaint discloses, brought no action to recover damages. Plaintiff settled with Fuller for $3,750. The policy (which is not exhibited with the pleadings) is alleged to contain a subrogation clause giving plaintiff the same right to bring this action which Honeycutt would have had in the absence of insurance coverage.

The first count of the complaint alleges breach of warranty in that the bottles were warranted to be fit for the purpose of bottling Royal Crown Cola and to be made of good and suitable material and of a safe type and quality.

The second count charges that the bottle which exploded, as supplied by defendant to Honeycutt, was negligently manufactured in that it was made of inferior materials which resulted in a latent defect, rendering it inherently dangerous to any one who handled it. Plain-

-tiff alleges that Honeycutt examined the bottle but, because the defect was latent and inherent, had no knowledge of any defect therein. There follow in the second count the same allegations with reference to the injury to Fuller, the settlement for $3,750, and the subrogation of plaintiff to the rights of Honeycutt.

Defendant's answer denies any warranty and exhibits, by reference to its brief, a copy of the contract pursuant to which it sold bottles to Honeycutt. One of the provisions of this contract is to the effect that there is no warranty of any kind "except such as is set forth herein"; (no warranty of any kind being set forth in the written contract). The contract contains the further condition that defendant shall not, in case of broken or *"defective"* bottles, "be liable in any event for loss of contents *or for special or consequential damages of any kind."* (Emphasis supplied.)

Defendant's specific grounds of defense include denial of negligence; denial of any warranty; the charge that Honeycutt was himself guilty of negligence; the defense that plaintiff is not entitled to be indemnified for the full amount of the loss; that a one-year limitation on civil actions contained in the written contract bars this suit; and that the court is without jurisdiction.

Defendant has filed its motion for judgment on the pleadings.

With reference to the first count, it is apparent that the claim here is for breach of an alleged warranty of fitness. Since the sales agreement itself is a part of the pleadings, the alleged warranty, if one existed, must be found therein, either in express words or by implication. Not only is there no express warranty, but there is an express provision excluding any warranty. In the presence of such an agreement between the parties, no implied warranty arises. Dayton Oakland Co. v. Livesay, 34 Ohio App. 302, 170 N.E. 880; 35 Ohio Jur. § 139; Williston on Contracts, Vol. 4, Revised Ed., § 993 at p. 2735.

Count two presents a claim based not on the theory of contribution, as argued by defendant in its brief, but of indemnity due from one who has been guilty of primary negligence causing an injury for which another has been required to pay compensation. The principle is thus set forth in the Restatement of the law of Restitution, § 93, page 407:

"Where a person has supplied to another a chattel which because of the supplier's negligence or other fault is dangerously defective for the use for which it is supplied and both have become liable in tort to a third person injured by such use, the supplier is under a duty to indemnify the other for expenditures properly made in discharge of the claim of the third person, if the other used or disposed of the chattel in reliance upon the supplier's care and if, as between the two, such reliance was justifiable."

It is argued by defendant that Honeycutt was a mere volunteer in making settlement with Fuller, and hence has no standing here. At first I was inclined to agree with this view. Further thought has convinced me, however, that Honeycutt was faced at least with a potential liability to Fuller. He could avoid it only by showing due care in his own handling of the bottle, or that it had been out of his exclusive control and handling for a time prior to the explosion. See Seven-Up Bottling Co., Inc. v. Gretes, 182 Va. 138, 27 S.E.2d 925.

On the whole, I think Honeycutt would be entitled to submit the question of whether or not he was a volunteer as a factual issue, if he were otherwise in a legal position to recover in this case.

Under the allegations of count two, plaintiff would have the right to present its evidence proving, if it could do so, a proper case for indemnity, but for the fact that the contract between the parties expressly denies that right. The provision of the contract (Section 3 of the "Terms and Conditions") that defendant shall not "be liable in any event

for * * * special or consequential damages of any kind" caused by defective bottles cannot be read out of the contract.

A party to a contract may limit or disavow entirely liability for his own negligence, insofar as such liability would otherwise accrue to the other party to the contract. The only exceptions to this rule are those cases in which a public interest is involved, or where the negligence amounts to wilful, wanton or gross misconduct. Fairfax Gas & Supply Co. v. Hadary, 4 Cir., 151 F.2d 939; Philippine Air Lines v. Texas Engineering & Mfg. Co., 5 Cir., 181 F.2d 923, 925; Charles Lachman Co. v. Hercules Powder Co., D.C., 79 F.Supp. 206.

No circumstances exist in this case which remove it from the coverage of the general rule. The contract must be held to govern the rights of the parties.

I hold that plaintiff has not by its pleadings presented a proper case for relief. Therefore, the motion for judgment on the pleadings is granted.

An appropriate order may be submitted.