424 P.2d 152

**MIN–A–CON EQUIPMENT CO.,**
a corporation, Appellant,

v.

**T. M. K. CONSTRUCTION CO.,**
a corporation, Appellee.

No. 8140.

Supreme Court of Arizona,
In Banc.

March 1, 1967.

Rehearing Denied March 28, 1967.

Jennings, Strouss, Salmon & Trask, and John S. Hobbs, Phoenix, for appellant.

McKesson, Renaud & Cook, and Fred J. Pain, Jr., Phoenix, for appellee.

STRUCKMEYER, Justice.

This appeal is from a judgment entered on a jury's verdict in favor of T.M.K. Construction Company against Min-A-Con Equipment Company. The complaint, in effect, stated a cause of action on implied warranty under A.R.S. § 44–215, subsec. 2, asserting that four tires purchased from the Min-A-Con Equipment Company for use on two earth-moving "Euclid" scrapers were not of merchantable quality.

It appears that in 1959 T.M.K. purchased two "Euclid" scrapers from Min-A-Con. On the sale of this type of equipment a customer can specify the make of tires it wants, and T.M.K. did specify that the scrapers be equipped with those manufactured by the General Tire Company. Of eight tires sold, four were claimed to be defective in that the inside lining separated from the cord, rendering the tires incapable of holding air, a defect which could not be repaired.

The instruments of sale specifically set forth in writing two disclaimers of warranties. The sales order provided:

"No warranties, express or implied, other than those of the manufacturer of the equipment ordered are made by seller * * *."

The conditional sales contract provided:

"If the Property described herein is new, the Seller's warranty hereunder, is limited to the provisions of the manufacturer's standard warranty to Seller * * *. No other warranties expressed or implied, representations, promises or statements have been made by Seller or shall be claimed by Purchaser unless endorsed hereon in writing * * *."

It is plain beyond equivocation that Min-A-Con, the dealer, disclaimed any warranties other than the express warranties of the manufacturers of the equipment sold.

The manufacturer of the scrapers did not warrant the tires. Its warranty provided:

"The Manufacturer warrants each new EUCLID product (except tires, conveyor belts, accessories and engines of other than General Motors make, * * *) * * *."

There is no evidence as to the nature or extent, if any, of the warranties by the

General Tire Company. Leonard W. Beck, president of Min-A-Con Equipment Company, testified:

> "Q Now, with regard to this particular transaction—these Euclid scrapers, did the General Tire Company make any warranties to Min-A-Con Equipment Company with regard to these eight tires?
>
> "A No, sir.
>
> "Q Your company received no written warranties of any type from the General Tire Company with regard to the eight tires we're dealing with in this lawsuit, is that right?
>
> "A No, sir."

The decision in this case is controlled by our decision in O. S. Stapley Co. v. F. O. Newby, 57 Ariz. 24, 110 P.2d 547, where we said:

> "The contract of purchase and sale, however, expressly states that there is no warranty of any character whatever, in regard to the goods, * * *. This is an express disclaimer on the part of the seller of a warranty, express or implied. * * *
>
> "* * * the parties may by express agreement negative any of the warranties of the act [Uniform Sales Act], and where the parties to the sale have by their express agreement negatived any warranties whatever, certainly implied warranties also are negatived. [Citations]"

*57 Ariz. 30, 31, 110 P.2d 547, 549.*

If the General Tire Company made no warranties, then Min-A-Con made no warranties, express or implied. If General Tire Company in fact did warrant the tires, there is still no proof of their nature or extent or that the defects in these tires were embraced therein.

Since Min-A-Con expressly limited its warranties to those of the manufacturer, the court below erred in failing to grant Min-A-Con's motion for a directed verdict and erred in entering judgment in favor of T.M.K. The judgment is vacated with di-

rections to enter judgment in favor in Min-A-Con and for its costs.

BERNSTEIN, C. J., McFARLAND, V. C. J., and UDALL, and LOCKWOOD, JJ., concur.